The CITY OF EL PASO,
TEXAS, Plaintiff,

v.

The CITY OF SOCORRO,
TEXAS, Defendant,

**Eduardo Miranda, Appellant.**

No. 90–8298
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1990.

H. Keith Myers, Grambling & Mounce, El Paso, Tex., for appellant.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

Appellant Eduardo Miranda seeks review of the district court's imposition of Rule 11 sanctions for improvident removal of a lawsuit. Although we respect the district court's considerable discretion in Rule 11 matters, we find the district judge improperly applied the Rule 11 standards. Accordingly, we reverse.

*Facts and Proceedings Below*

On behalf of the City of El Paso, attorney Miranda filed a state court declaratory judgment action seeking a determination whether certain properties lay within its boundaries. Years later and before judgment on this suit was rendered, El Paso began annexing some undisputed lands between El Paso and the City of Socorro, a defendant in the original action. Socorro amended its original answer and filed a counterclaim alleging that El Paso's actions violated the fifth and fourteenth amendments of the U.S. Constitution. Based on what he perceived was a federal question, Miranda filed a removal petition on behalf of El Paso.

Finding removal improvident, the district court dismissed the removal petition *sua sponte*, and ordered Miranda to show cause why he should not be sanctioned for a violation of Fed.Rule Civ.Pro. 11 "for filing a frivolous Notice of Removal." Following an evidentiary hearing, the district court assessed sanctions against Miranda. This appeal followed.

*The Rule 11 Standard*

Rule 11 provides that sanctions may be imposed against a party who signs a pleading that is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for its extension, or (3) interposed needlessly and solely for the purpose of delay. *Sheets v. Yamaha Motors, Corp., U.S.A.*, 891 F.2d 533, 535 (5th Cir.1990). Although the rule imposes a duty of reasonable inquiry into the law, "Rule 11 does not make the signature on a pleading or other covered document an absolute guarantee as to the correctness of the theory of law upon which it is grounded." *Smith International, Inc. v. Texas Commerce Bank*, 844 F.2d 1193 (5th Cir. 1988). In determining whether reasonable inquiry into the legal basis behind a pleading has been made, courts must consider "the time available to the attorney to prepare the document, the plausibility of the legal view contained in the document ... and the complexity of the legal and factual issues raised." *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 875–76 (5th Cir.1988). The district court apparently took issue only with Miranda's inquiry into the law; thus, we review this assessment of Miranda's diligence and the imposition of sanctions for an abuse of its considerable discretion. *Id.* at 872.

At the evidentiary hearing, Miranda produced witnesses who testified to the time constraints he was operating under when the removal petition was filed.[1] He and his witnesses further testified that given these time limitations, he researched the applicable law and concluded, in good faith, that there was a colorable basis for removal.[2]

---

1. The record reveals that the City of Socorro filed the counterclaim alleging the constitutional injury four days before El Paso was to complete the annexation process. The judge entered a temporary restraining order, which prevented El Paso from proceeding with its annexation plans. This created a short time interval in which Miranda was required to research the basis for removal, advise the city council and obtain its approval, and prepare the removal documents.

2. The district court concluded that removal was improvident based primarily upon *Franchise Tax Bd. v. Construction Laborer's Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In that case, the court held that a constitutional cause of action dependent entirely

The district judge improperly focused on whether Miranda's conclusion was *correct* rather than whether it was the product of reasonable inquiry.

As the judge conceded, "jurisdiction and removal are some of the most difficult areas in federal law." Opposing counsel testified that he thought the petition was well founded, and had no plans to seek remand. From our review of the pleadings and the record, it appears Miranda could have concluded the counterclaim alleged constitutional violations that were not necessarily derivative of state law, thus providing an arguable basis for federal jurisdiction. To this extent, we find the district court abused its discretion in imposing Rule 11 sanctions against Miranda.[3]

*Conclusion*

For the foregoing reasons, the judgment of the district court is

REVERSED.

---

upon a violation of state law will not support jurisdiction under § 1331. Because only the Rule 11 sanctions are before this court, we need not consider the correctness of this conclusion, but rather, the plausibility of a contrary one.

**3.** We observe again that this finding "sounds worse than it really is" and is not intended as criticism of the district court. See, e.g., *Smith International, Inc.*, 844 F.2d 1193, 1199 n. 3 (5th Cir.1988); *United States v. Walker*, 772 F.2d 1172, 1176 n. 9 (5th Cir.1985). It merely reflects a difference of opinion, primarily with regard to the conceptual difficulty of the issues involved in removal jurisdiction.