EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

TANDEM COMPUTERS
INCORPORATED,
Defendant.

Civ. A. No. 92–10745–WGY.

United States District Court,
D. Massachusetts.

Nov. 8, 1994.

---

Elizabeth Grossman, Lisa Sirkin, E.E.O.C., New York City, for plaintiff.

Gerald J. Caruso, Ferriter, Scobbo, Sikora, Caruso & Rodophele, Boston, MA, Fred W. Alvarez, Marcia L. Pope, Elena E. Matsis, Pillsbury, Madison & Sutor, San Francisco, CA, for defendant.

*MEMORANDUM AND ORDER ON (1) DEFENDANT'S MOTION FOR AT-TORNEYS' FEES, EXPENSES AND COSTS (# 127) AND (2) IMPOSITION OF RULE 11 SANCTIONS UPON THE DEFENDANT'S COUNSEL SUA SPONTE PURSUANT TO RULE 11(c)(1)(B), FED.R.CIV.P.*

COLLINGS, United States Magistrate Judge.

## I. INTRODUCTION

Defendant Tandem Computers Incorporated (hereinafter "Tandem") has filed a post-trial motion pursuant to Rule 11, Fed.R.Civ. P., and 28 U.S.C. § 1927, requesting that sanctions be imposed upon, and excess costs be assessed against, the plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC"). Tandem contends that sanc-tions are warranted in the circumstances of this case because (1) there was no basis in law or in fact to support the alleged timeliness of the EEOC's claim, and (2) the EEOC proceeded to trial without facts sufficient to make out a prima facie case of discrimination. The EEOC opposes Tandem's motion.

## II. FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

In 1984, Tandem hired James Corbett (hereinafter "Corbett"), then 54 years old, as an account representative. Approximately four years later, in March of 1989, he was removed from his account management position and given new duties as an account recruiter. Shortly thereafter Corbett was terminated from employment with Tandem.

In April, 1989, Corbett filed a charge of age discrimination against Tandem with the EEOC. Subsequent to its investigation into the matter, the EEOC issued a "no cause" finding which Corbett appealed. The EEOC's Determination Review Program later overturned the initial finding, and in March of 1991 issued a "cause" finding. The EEOC filed suit on March 27, 1992 on behalf of Corbett, alleging that Tandem had engaged in willful age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (hereinafter "ADEA").

At the close of discovery, Tandem sought the entry of summary judgment on the grounds that, inter alia, the EEOC's claim was time barred, and that the EEOC had failed to establish a prima facie case of discrimination. After hearing, Tandem's dispositive motion was denied. (# 60) Thereafter, again prior to trial, the Court considered Tandem's motion in limine on the timeliness issue (# 69) as well as Tandem's motion for a separate trial on the statute of limitations defense (# 80); both of these motions were denied after oral argument was heard. (# 102)

The ten-day jury trial in this matter began on June 6, 1994.[1] At the close of the EEOC's case, Tandem moved under Rule 50,

---

1. In January of 1994, the parties consented to the reassignment of this case to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

Fed.R.Civ.P., for judgment as a matter of law. The motion was denied. (# 114) Tandem later renewed its Rule 50 motion at the conclusion of its own case and again, judgment as a matter of law was denied. (# 120)

After approximately one and a half days of deliberations, the jury was unable to reach a unanimous verdict as to whether the EEOC had proven by a preponderance of the evidence that age was a motivating factor in Tandem's decision to discharge Corbett. However, the jury did conclude that the defendant had established by a preponderance of the evidence that, irrespective of age, Tandem would have terminated Corbett in any event. Judgment was entered on the jury verdict in favor of Tandem on June 17, 1994. (# 125)

### III. APPLICABLE LEGAL STANDARDS

#### A. *Rule 11*

■ The objective of the recently amended Rule 11 is essentially the same as that of its predecessor—to deter dilatory and abusive tactics in litigation, and to streamline the litigation process by lessening frivolous claims or defenses. *Cruz v. Savage*, 896 F.2d 626, 630 (1 Cir., 1990); *See* Rule 11, Fed. R.Civ.P., Advisory Committee Notes (1993 Amendment). The revised rule, effective as of December 1, 1993, is "applicable to all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending." The rule, in pertinent part, provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal

of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

Rule 11(b), Fed.R.Civ.P.

■ Imposition of Rule 11 sanctions does not require a finding of bad faith. The test as to whether an attorney made a reasonable inquiry prior to signing a pleading is an objective standard of reasonableness under the circumstances at the time the attorney acted. *Cruz*, 896 F.2d at 631. Of course, in determining whether sanctions are appropriate, courts must avoid chilling an attorney's enthusiasm or creativity. *Id.*

■ Toward this end, under the revised rule the imposition of sanctions is discretionary rather than mandatory. Rule 11 requires attorneys to take responsibility for the claims and defenses they present. That is, attorneys must make a reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay. *Cruz*, 896 F.2d at 630 (construing Rule 11 prior to 1993 amendment). In short, Rule 11 "continues to require litigants to 'stop-and-think' before initially making legal or factual contentions." Rule 11, Fed.R.Civ.P., Advisory Committee Notes (1993 Amendment).

#### B. *Title 28 U.S.C. § 1927*

■ Much like Rule 11, the intent of Title 28 U.S.C. § 1927 is to eliminate flagrant abuses of the litigation process. The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys'

fees reasonably incurred because of such conduct.

Title 28 U.S.C. § 1927.

■■■ The First Circuit does not require a finding of subjective bad faith in order to impose sanctions pursuant to § 1927. *Cruz,* 896 F.2d at 632. Rather, under the statute, sanctions are deemed to be appropriate when, from an objective standpoint, counsel's conduct has multiplied the proceedings and, in doing so, has been unreasonable and vexatious, in the sense of being harassing or annoying. *Id.* The questioned conduct must "be more severe than mere negligence, inadvertence or incompetence." *Id.*

In its memorandum Tandem fails to set forth specifically which of EEOC's actions warrant sanctions under Rule 11, and which warrant sanctions under § 1927. Instead, Tandem opts to argue generally as to both. In any event, the issue to be decided is whether any of the documents presented by EEOC's counsel during the course of this litigation were unreasonable in light of the existing state of law and facts, and/or whether the actions of the EEOC's counsel unreasonably or vexatiously multiplied the proceedings.

## IV. DISCUSSION

In essence, Tandem advances two arguments in support of its motion for attorneys' fees and sanctions. First, Tandem argues that the EEOC's action was time barred under the applicable provisions of the ADEA. Second, Tandem asserts that the EEOC proceeded to trial without facts sufficient to make out a prima facie case of discrimination. These allegations will be considered seriatim.

With respect to Tandem's contention that there was no basis in law or in fact for the allegations that EEOC's action was timely, as previously noted, this is not the first time the argument has been presented. Indeed, this defense was unsuccessfully mounted by Tandem several times during the course of this litigation.

■■■ On December 12, 1993, Judge Young denied Tandem's motion for summary judgment. Admittedly, it is true that surviving such a motion is not dispositive on the issue of whether a party may be liable for sanctions. The First Circuit has written that "the summary judgment standard (based on filed documents) and Rule 11's standard (based on what reasonable inquiry should have revealed, perhaps about other information) [are not seen] as necessarily or inevitably congruent." *Muthig v. Brant Point Nantucket, Inc.,* 838 F.2d 600, 606 (1 Cir., 1988); *Media Duplication Services v. HDG Software, Inc.,* 928 F.2d 1228, 1240 n. 10 (1 Cir., 1991). However, in this case, the Court thereafter addressed the identical timeliness argument premised upon the same facts both pretrial in the context of a motion in limine and a motion for a separate trial, as well as during trial when ruling on two Rule 50 motions. In every instance, Tandem's argument was rejected.

■■■ Under an objective standard of reasonableness, it is difficult to comprehend how it can be said that the EEOC went astray and presented a frivolous motion or vexatiously multiplied the proceedings as alleged by Tandem. On each occasion that the timeliness issue was raised, the EEOC prevailed in its position.

Tandem's second argument in support of its motion for attorneys' fees and sanctions is that the EEOC proceeded to trial without facts sufficient to make out even a prima facie case of discrimination. This assertion is even less availing than the first.

■■■ At the outset, Tandem insists that the initial finding of "no cause" somehow precludes the EEOC's later finding that cause indeed existed. Why the defendant persists in arguing that it is unacceptable or inconsistent for the EEOC to reverse its initial finding on appeal, after opportunity for further investigation, is unclear. It is noted that Tandem's motion in limine to admit the EEOC finding of "no cause" into evidence at trial was denied on the grounds that it was only a preliminary finding. In any event, this fact is irrelevant to the issue of whether the EEOC sufficiently established its prima facie case at trial.

The EEOC's age discrimination claim withstood the defendant's motion for sum-

mary judgment. The Court twice ruled that the EEOC had presented a legally sufficient evidentiary basis upon which to put its ADEA claim to the jury, first when the plaintiff rested and again at the close of the evidence. Tandem's present argument adds nothing new. Once again the question must be posited: In light of the Court's rulings, under an objective standard of reasonableness, how can it be said that the EEOC was mistaken in proceeding with its claim such as to warrant the imposition of sanctions?

## V. CONCLUSION AND ORDER ON DEFENDANT'S MOTION

The Court finds the defendant's motion to be completely devoid of merit. Therefore, it is ORDERED that Defendant's Motion and Request for Attorneys' Fees, Expenses and Costs (# 127) be, and the same hereby is, DENIED. In addition, Rule 11(c)(1)(A), Fed.R.Civ.P., provides, in pertinent part, that:

> If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in ... opposing the motion.

This sanction is available whether or not the motion itself violated Rule 11. For the reasons outlined heretofore, I find that an award to the EEOC of the expenses and attorneys' fees incurred in opposing the motion is warranted. The defendant Tandem shall be required to pay that award.

## VI. WAS THE FILING OF THE MOTION ITSELF A VIOLATION OF RULE 11?

The Defendant's Motion and Request for Attorneys' Fees, Expenses and Costs (# 127) was signed by James E. Fitzgerald, Esquire, of the law firm of Ferriter, Scobbo, Sikora, Singal, Caruso & Rodophele, P.C. The firm has entered an appearance in this case, presumably as local counsel. The case was tried by Fred W. Alvarez, Esquire,

and Marcia Pope, Esquire, of the law firm of Pillsbury, Madison & Sutro of San Francisco, who also have entered their appearances in the case; the names of Mr. Alvarez, Ms. Pope and the law firm of Pillsbury, Madison & Sutro do not appear on the motion.

Upon reading the motion and supporting papers, the Court was of the initial view that the filing of the motion itself was a violation of Rule 11, Fed.R.Civ.P., for the reason that, in the circumstances outlined heretofore, the motion was presented for an improper purpose, specifically, to harass the EEOC and its attorneys and/or to increase the cost of the litigation needlessly. Accordingly, the Court entered an Order Pursuant to Rule 11(c)(1)(B), Fed.R.Civ.P. (# 132), directing the defendant and the attorney signing the motion and his law firm to show cause why, in filing the motion, they had not violated Rule 11(b), Fed.R.Civ.P. Pleadings were filed in response to the order to show cause.

Upon review of those pleadings, I find that the conclusion that the motion was filed for an improper purpose is inescapable. In filing its motion, Tandem has presented absolutely nothing new; the issues had been repeatedly briefed, argued and decided in favor of the EEOC. The Court finds that the filing of the defendant's motion and request for attorneys' fees, expenses and costs violated Rule 11(b)(1) in that it was presented either to harass or to cause needless increase in the cost of litigation or both. As noted by the lower court in *Cruz*, "[t]here is a point beyond which zeal becomes vexation, the 'novel' approach to a legal issue converts to frivolity and steadfast adherence to a position transforms to obdurateness." *Cruz v. Savage*, 691 F.Supp. 549, 556 (D.P.R., 1988). Armed with no new facts or circumstances, Tandem's persistence in rehashing the same arguments time and again without success can be viewed as nothing but harassment at this juncture.[2] Moreover, the costs incurred

---

2. I do concede that there may be occasions where presenting an argument or arguments in the form of a motion for Rule 11 sanctions after the argument or arguments have been repeatedly rejected by the District Court in other motions may not be for the purpose of harassment or needlessly increasing the expense of the litiga-

tion. For example, if counsel for Tandem had stated in response to the order to show cause that although it had raised the issue before, it was raising it again because it is of the belief that the District Court was wrong and that it would appeal any denial of the motion for sanctions and that the denial of its other motions were not

by EEOC in opposing this frivolous motion were needless. In short, Tandem's conduct was not objectively reasonable and quite simply cannot be countenanced.

The Court must next consider the question of an appropriate sanction. The Advisory Committee Notes to the 1993 revision to Rule 11 state:

> The sanction should be imposed on the persons—whether attorneys, law firms or parties—who have violated the rule or who may be determined to be responsible for the violation. The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most cases is the person to be sanctioned for a violation.

Accordingly, the signer of the motion, James E. Fitzgerald, Esquire, is to be sanctioned. Rule 11(c)(2), Fed.R.Civ.P., provides that:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.

In all the circumstances, I am of the view that a monetary penalty in the amount of five hundred dollars ($500.00) is sufficient to deter repetition of such conduct by Mr. Fitzgerald and others similarly situated.

### VII. ORDER

Accordingly, pursuant to Rule 11(c)(1), Fed.R.Civ.P., James E. Fitzgerald, Esquire, the signer of the motion, is hereby ORDERED to pay, *on or before the close of business on Friday, December 30, 1994,* a penalty of five hundred dollars ($500.00) into the Court. Further, the EEOC shall file and serve, *on or before the close of business on Wednesday, November 23, 1994,* an affidavit or affidavits detailing the expenses, including reasonable attorneys' fees, incurred in opposing Defendant's Motion and Request for Attorneys' Fees, Expenses and Costs (#127). The defendant is granted leave to file and serve, *on or before the close of business on Wednesday, December 7, 1994,* an opposition to any items of expense claimed and/or to the amount of any expenses claimed.

---

appealable because it prevailed in the litigation, that would be a legitimate reason for raising the issue again in the form of a motion for sanctions. Put another way, that would be a reason for finding that the Rule 11 motion was not interposed for purposes of harassment or needlessly increasing the cost of the litigation. However, Tandem advances no such justification in this case, and hence my finding that, from an objective point of view, the filing of the motion was to harass or needlessly increase the cost of litigation or both.