**236**

Wilbur R. HOMER, Jr., Geralda Thompson, Otatdodah Homer, Nancy Buckshot, Denice Waterman, Irene Thomas, Neil Thomas, Delia Waterman, John L. Dyer, James H. Hill, Sr., Leon John Hill, Patrice John, Julie Cathers, Donna Kaulback, Plaintiffs,

v.

A. Raymond HALBRITTER, NYMG Enterprises, Philip Griffith, and John Doe and Jane Roe, representing all those individuals who are or will be employed as primary management officials and key employees at the Turning Stone Casino, Defendants.

Civ. A. No. 93–CV–953 (FJS).

United States District Court,
N.D. New York.

Nov. 15, 1994.

---

Sant'Angelo & Trope, Somerville, NJ (Jack F. Trope, of counsel), for plaintiff.

Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, DC (William W. Taylor, III, of counsel), Office of John A. DeFrancisco, Syracuse, NY (John J. Brunetti, of counsel), for defendant Halbritter.

Duker and Barrett, New York City (David A. Barrett, of counsel), for defendant NYMG Enterprises [1].

---

**1.** In their original memorandum in opposition to plaintiffs' motion for a preliminary injunction, defendants NYMG, Inc. and Philip Griffith asserted that plaintiffs had incorrectly named NYMG, Inc. as "NYMG Enterprises" in the complaint. As the complaint has not been amended and NYMG, Inc. has not been substituted for NYMG Enterprises, the court will identify the parties as originally named in the complaint.

## DECISION AND ORDER

SCULLIN, District Judge:

### Introduction

On July 20, 1993, plaintiffs, who are members of the Oneida Nation of the State of New York, filed this action seeking to enjoin the operation of the Turning Stone Casino, which was scheduled to open for public gaming on that very day on Oneida Nation land in Verona, New York. Plaintiffs claimed that defendant Halbritter had bypassed the Oneida Nation's tribal governance procedures in securing a management contract for the casino, and, along with the other defendants who were about to operate this enterprise, was in violation of the Indian Gaming Regulatory Act, 25 U.S.C. § 2701, et seq. (the "Act"). The issues plaintiffs presented for decision apparently mirrored an ongoing intra-Oneida political dispute as to whether plaintiff Homer or defendant Halbritter was the recognized Nation Representative of the Oneida Nation.

Along with their complaint, plaintiffs filed a motion for a temporary restraining order to enjoin the opening of the casino. This motion was converted into a motion for a preliminary injunction upon notification to all parties and their counsel, and on July 28, 1994, the parties filed in support of their respective positions on injunctive relief. While this motion was pending, defendant Halbritter moved to dismiss the action under subsection 12(b) of the Federal Rules of Civil Procedure, asserting a variety of contentions, including the lack of a private right of action under the Act.

On September 30, 1993, plaintiffs voluntarily dismissed their action pursuant to Fed. R.Civ.P. 41(a)(1). While such a dismissal would ordinarily terminate a court's connection to a dispute, defendant Halbritter filed a motion for sanctions pursuant to Fed. R.Civ.P. 11., claiming that plaintiffs had not conducted a reasonable inquiry into the facts or the law prior to filing their complaint. In response, plaintiffs not only opposed that motion but cross-moved for sanctions of their own, claiming that defendant Halbritter's filing of a Rule 11 motion was sanctionable conduct under that rule.[2]

### The Governing Version of Rule 11

■ In their memorandum of points and authorities in support of their cross-motion for sanctions, plaintiffs maintain that defendant Halbritter's motion should be reviewed under the recently amended Fed.R.Civ.P. 11, those amendments having become effective on December 1, 1993. This court disagrees. Whether plaintiffs' filing of the complaint was sanctionable should be judged under the rules that prevailed at the time of the allegedly offensive conduct and at the time that the motion was filed. *See Knipe v. Skinner,* 19 F.3d 72, 78 (2d Cir.1994). *See also Paese v. New York Seven–Up Bottling Co.,* 158 F.R.D. 34, 38 (S.D.N.Y.1994); *Ware v. United States,* 154 F.R.D. 291, 292–93 (M.D.Fla. 1994); *Kraemer Export Corp. v. Peg Perego U.S.A., Inc.,* No. 93 Civ. 0198, 1994 WL 86357, at *7, 1994 U.S.Dist. LEXIS 3071, at *21–22 (S.D.N.Y. March 17, 1994); *Schilling v. Federal Home Loan Mortgage Corp.,* No. 93–CV–678, 1994 U.S.Dist. LEXIS 3185, at *3 (W.D.Mich. February 18, 1994); *Anderson v. Cooper,* No. 92 C 5949, 1994 WL 46675, at *1–2, 1994 U.S.Dist LEXIS 1434, at *4 (N.D.Ill. February 14, 1994); *Agretti v. ANR Freight Sys., Inc.,* No. 89 C 5492, 1994 WL 46670, 1994 U.S.Dist LEXIS 1433 (N.D.Ill. February 14, 1994); *In re Taxable Mun. Bond Sec. Litig.,* MDL 863, 1994 WL 34924, at *4, 4–5, 1994 U.S.Dist. LEXIS 1072, at *13, 14 (E.D.La. February 3, 1994); *Alexander v. City of Wichita, Kansas,* Case No. 84–4027–RDR, 1994 WL 36313, at *2 n. 1, 1994 U.S.Dist. LEXIS. 1252, at *4 n. 1 (D.Kan. January 28, 1994); *Transcontinental Freight Sys., Inc. v. Air France,* No. 92 C 8161, 1994 WL 736026, at *8, 1994 U.S.Dist. LEXIS 672,

---

**2.** Plaintiffs also filed a motion *nunc pro tunc* to allow their memorandum of law in opposition to defendant Halbritter's motion for sanctions and in support of plaintiffs' cross-motion for sanctions to be filed after it was rejected by the clerk of this court for violating the court's General Order 37, which prohibits of the filing of memo-

randa of law containing in excess of 25 pages of text without prior leave of this court. After reviewing that motion and the papers in support attached thereto, the court grants that motion and considers that memorandum in its disposition of the instant motions.

at *12 (N.D.Ill. January 27, 1994). Each of those events occurred prior to December 1, 1993. Therefore, the court will apply the rule as it existed prior to the effective date of the most recent amendment to Fed.R.Civ.P. 11.

■ The application of the rule with respect to plaintiffs' cross-motion is somewhat less clear. The allegedly offensive action, the filing of the defendant Halbritter's Rule 11 motion, occurred on November 15, 1993, prior to the effective date of the 1993 amendments. Plaintiffs filed their cross-motion on February 2, 1994, after those amendments had become effective. However, as Rule 11's central goal is the deterrence of baseless filings, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (*"Cooter & Gell"*), the rules applicable to a party's conduct at the time of the allegedly sanctionable filing should take precedence over the rule in effect at the time that the motion for sanctions is filed. The use of such a standard also prevents a party from gaining an advantage by delaying the filing of a motion for sanctions, or any other remedy, until after the effective date of a rule of procedure. Further, it would be both just and practicable to apply the same standards and requirements to each party's motions. The court will therefore apply the rule as it existed prior to the 1993 amendment to both the defendants' motion and the plaintiffs' cross-motion.

### Application of the Rule 11 Standard

This court finds neither motion meritorious under Rule 11. Defendant Halbritter has not shown that "it is patently clear that [plaintiffs'] claim ha[d] absolutely no chance of success under the existing precedents." *Associated Indem. Corp. v. Fairchild Indus.*, 961 F.2d 32, 34 (2d Cir.1992) (quoting *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 109 (1988).

The Advisory Committee which promulgated the amended Rule 11 in 1983 expressly stated that, when considering a motion for sanctions, a court is to "inquir[e] what was reasonable to believe at the time the pleading ... was submitted.... [W]hat constitutes a reasonable inquiry may depend on such fac-

tors as how much time was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading...." Advisory Committee's Note, reprinted in 97 F.R.D. 165, 199 (1983). In consideration of those principles, it has become both familiar and well-settled in Rule 11 jurisprudence that where an attorney lacks the luxury of time, his pre-filing inquiry is judged by a standard of reasonableness befitting those circumstances. *See Cooter & Gell*, 496 U.S. at 401–02, 110 S.Ct. at 2459, 110 L.Ed.2d 359; *City of El Paso, Tex. v. City of Socorro, Tex.*, 917 F.2d 7, 8 n. 1 (5th Cir.1990); *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1142 (9th Cir.1990); *Madni v. EDP Temps And Contract Servs.*, No. 92 C 5222, 1993 WL 155496, at *2, 1993 U.S.Dist. LEXIS 6177, at *5 (N.D.Ill. May 10, 1993).

■ The unrefuted facts set forth in the affidavit of plaintiffs' counsel indicate that his clients directed him to file a complaint within five days from the date he was first contacted. Under those exigent circumstances, Attorney Trope's pre-filing inquiry was not unreasonable. Moreover, in those circumstances, without knowledge of the identity of any defendant's counsel, it was reasonable for him to rely on information supplied by his clients. *See Rodick v. City of Schenectady*, 1 F.3d 1341, 1351 (2d Cir.1993); *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 43 n. 3 (D.C.Cir. 1990).

■ Similarly, plaintiffs' cross-motion for sanctions is denied. The mere fact that defendant Halbritter's motion for sanctions is not meritorious does not mean that he acted frivolously in filing it, and plaintiffs have not made the requisite showing to trigger sanctions for its filing.

### Conclusion

It is hereby

ORDERED, that the plaintiffs' motion nunc pro tunc to file their memorandum of law is GRANTED. It is further

ORDERED, that defendant Halbritter's motion for sanctions is DENIED. It is further

ORDERED, that plaintiff's cross-motion for sanctions is DENIED.

**IT IS SO ORDERED.**