ENPAT, INC., et al., Plaintiffs,

v.

MICROSOFT CORPORATION, et al., Defendants.

Civil Action No. 97–1909–A.

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 16, 1998.

Craig Crandall Reilly, Richards, McGettigan, Reilly & West, PC, Alexandria, VA, for plaintiffs.

William David Dolan, III, Venable, Baetjer, & Howard, McLean, VA, for Microsoft Corp., defendant.

Andrew C. Bisulca, Law Office of Andrew C. Bisula, PC, Springfield, VA, for Applied Technology Assoc., defendant.

## MEMORANDUM OPINION

BRINKEMA, District Judge.

Before the Court are defendant Microsoft Corporation's (Microsoft) Motion for Fees and Costs and defendant Applied Technology Associates, Inc.'s (ATA's) Motion for Attorneys' Fees and Costs.

### I.

The facts of this case are discussed in detail in our opinions of May 22, 1998 and June 24, 1998. In the motions before the Court, Microsoft and ATA[1] ask the Court to award them the attorneys' fees and costs they have incurred in defending this action. In addition to making its own arguments for an award of fees and costs, ATA incorporates by reference all of the arguments made by Microsoft.

### II.

A. *An Exceptional Case*

■ Under 35 U.S.C. § 285 a court may award reasonable attorneys' fees to the prevailing party in a patent case "in exceptional cases." A case is "exceptional" where the plaintiff has engaged in "vexatious or unjustified litigation" or "frivolous suit." *Beckman Instruments, Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1551 (Fed.Cir.1989). A suit is frivolous where the patentee knew, or should have known by reasonable investigation, that the suit was groundless. *Haynes Int'l, Inc. v. Jessop Steel Co.,* 8 F.3d 1573, 1579 (Fed. Cir.1993). Similarly, a court may infer bad faith where a "patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court." *Eltech Sys. Corp. v. PPG Indus.,* 903 F.2d 805, 811 (Fed.Cir.1990). Microsoft has presented this Court with several reasons for finding that the instant case is an exceptional one which warrants an award of attorneys' fees. We consider each of these arguments in turn.

1. *Microsoft Outlook, Exchange Server, Schedule+, and Microsoft Network*

■ Microsoft argues that defendant's pre-filing investigation of four accused Microsoft products—Microsoft Outlook, Exchange Server, Schedule+, and Microsoft Network—failed to develop a reasonable basis for plaintiffs' claims of infringement against these products. In support, Microsoft relies on the deposition testimony of Enpat president Frederic Neitzke, who made the following statements:

Q: What prefiling investigation was made by Enpat or others into the manner in which [Microsoft Network] purportedly infringed the '506 patent?

A: Well ... I believe Mr. Stoffer [Enpat's expert witness] may or may not have looked at that.

Q: And Enpat itself did no prefiling investigation on [Microsoft Network]; is that correct?

A: That's correct.

Q: And you are unaware whether or not Stoffer or anyone else retained by your counsel did any prefiling investigation; is that correct?

A: That's correct.

Microsoft Ex. B (Neitzke Dep.) at 22. Neitzke made similar statements concerning the other accused Microsoft products listed above, explaining that Enpat had conducted no pre-filing investigation of infringement as to these products, and that he was unaware of any such investigation by Enpat's counsel or expert witness. *See id.* at 22–25. In response, plaintiffs have presented no evidence that Enpat, its counsel, or its expert performed any prefiling investigation of these products. On the basis of this evidence, the Court finds that plaintiffs failed to conduct a reasonable pre-filing investigation upon which to allege infringement against these products.

Moreover, in granting summary judgment in defendants' favor on the claims against these products, we found plaintiffs' claims to be without merit on the basis of obvious

1. ATA adopts Microsoft's arguments and adds, as an additional argument a claim that plaintiffs brought them into the litigation solely to gain jurisdiction in this district. Because Microsoft's arguments are so persuasive, we need not address this additional one.

factors which should have been apparent to plaintiffs early in the litigation. For example, in an April 3, 1998 Order, the Court held that Microsoft's sale of these products could not constitute direct infringement because of the basic patent principle that a method claim is infringed only by practicing the patented method. *See* April 3, 1998 Order at 4–5. Similarly, in an April 17, 1998 Order, the Court held that the accused products did not indirectly infringe the '506 patent based on plaintiffs' own admission that the products had substantial non-infringing uses. *See* April 17, 1998 Order at 2–3. Based on this record, we conclude that a reasonable pre-filing investigation should have alerted plaintiffs to the groundless nature of their claims against these products. Accordingly, we find this to be an exceptional case justifying an award to defendants of the reasonable attorneys' fees they incurred in defending against the claims against these four products.

### 2. *Microsoft Project 4.0 and 4.1*

■ Microsoft also argues that plaintiffs had no reasonable basis for accusing two additional products, Project 4.0 and 4.1, of infringement. Plaintiffs admit that Srinivasan himself cited Project 4.0 to the Patent Office as prior art. *See* Plaintiffs' July 15, 1998 Reply Memorandum at 7; '506 patent specification at col. 2. As such, plaintiffs' claim that Project 4.0 infringes the '506 patent would, if true, invalidate that patent. Seven months after filing their Complaint, plaintiffs finally dropped their claims against Project 4.0 and the closely related Project 4.1. *See* Microsoft Ex. D (Stewart Dep.) at 108–112; July 10, 1998 Stewart Decl. ¶ 7. Microsoft argues that even a cursory inspection of their own patent should have alerted plaintiffs to the baseless nature of their claims against these products, and that plaintiffs' unreasonable prosecution of them for a seven-month period justifies an award of attorneys' fees. In response, plaintiffs argue that their decision to eliminate allegations of infringement against Project 4.0 and 4.1 was part of the normal narrowing of claims occasioned by discovery. Plaintiffs' argument is unconvincing. Presumably, plaintiffs needed no discovery of their own patent, which was the only document necessary for them to determine that these allegations were meritless. We therefore agree with defendants, and will award them the reasonable costs of defending against plaintiffs' Project 4.0 and 4.1 allegations.

### 3. *Microsoft Project 98*

■ Finally, defendants argue that plaintiffs had no reasonable basis for accusing Project 98 of infringement. In particular, Microsoft argues that plaintiffs never actually used Project 98 before alleging in their Complaint that this product infringed the '506 patent. As Microsoft's observes, the Federal Circuit has found that a plaintiff's failure to actually use or test a product it accuses of infringement can be the basis for sanctions or an award of attorneys' fees. *See Judin v. United States,* 110 F.3d 780, 784 (Fed.Cir.1997) (plaintiff's failure to obtain and test sample of accused device supported Rule 11 sanctions); *Eltech,* 903 F.2d at 810 (failure of plaintiff's expert to perform tests which would confirm infringement justified award of attorneys' fees). The record does not support Microsoft's argument. Specifically, Enpat's president Neitzke testified in deposition that although Enpat did not use the software to manage an actual project, "Enpat did download Project 98, the beta demonstration version, and looked at it." Microsoft Ex. B (Neitzke Dep.) at 30. Enpat's investigation of Project 98, while cursory, cannot be said to be so non-existent as to single-handedly justify an award of attorneys' fees in this case.

■ Microsoft also argues that plaintiffs' prosecution of their claims against Project 98 was unreasonable because it was premised on obviously untenable theories of infringement. We reject this argument as well. It is true that, as discussed above, plaintiffs' claim of direct infringement against Microsoft for the sale of Project 98 and other products was manifestly flawed. However, plaintiffs' claim of indirect infringement against Project 98 required this Court to carefully consider and interpret the language of the '506 patent. On balance, we cannot say that plaintiffs' claims against Project 98 were so frivolous as

to merit the exceptional step of awarding attorneys' fees.

### 4. *Photocopies*

 Microsoft seeks $61,865.69 for copying 400,000 pages of software source code plaintiffs requested during discovery. Microsoft argues that this information was unnecessary to plaintiffs' infringement claims and caused Microsoft undue burden and expense. Plaintiffs contend that they requested inexpensive electronic copies of this information but that Microsoft insisted on print copies, thereby bringing unnecessary expense upon itself. In response, Microsoft argues that a paper format was necessary to protect valuable trade secrets. We find that Microsoft chose the more expensive means of producing this discovery and cannot pass this expense on to the plaintiffs.

### B. *A Reasonable Attorneys' Fee*

Defendants have demonstrated that this is an exceptional case which merits an award to Microsoft and to ATA for some of their attorneys' fees. The Federal Circuit has explained that "in determining the amount of [such an] award, there must be some evidence to support the reasonableness of, *inter alia,* the billing rate charged and the number of hours expended." *See Lam, Inc. v. Johns–Manville Corp.,* 718 F.2d 1056 (Fed. Cir.1983). For example, in *Lam,* the prevailing party submitted "hourly time records and full expense statements, along with documentation in support of their billing rates." *Id.* at 1069. In this case, plaintiffs argue that Microsoft has not produced billing records or other documentation sufficient to support its for claim attorneys' fees. In response, Microsoft states that it will produce such records if called upon to do so by the Court. We agree with plaintiff that Microsoft has not produced the evidence necessary to support the award it claims. ATA, on the other hand, has produced the declarations of Andrew C. Bisulca in which he stated he worked 9 hours on this action at an hourly rate of $150 for a total of $8,141.25. He also seeks deposition transcript costs of $147.75. Co-counsel Ralph Tener declares that his total hours came to 12.5 at $220 an hour and expenses for a consultation with patent counsel of $1,368.20. The total sought by ATA is $12,407.20, which we find to be a very reasonable amount.

### III.

For the reasons stated above, Microsoft's Motion for Fees and Costs is granted as to the specific accused products discussed in Sections II(A)(1) and (2) only. Before the Court can determine the specific amount Microsoft is entitled to recover, proper supporting documentation must be supplied. In providing this documentation, Microsoft is advised that the Court does not award duplicate work by attorneys. Therefore, it should eliminate requests for work done by overlapping attorneys and all work done on defending the charges against Project 98.

The Clerk is directed to forward copies of this Memorandum Opinion to counsel of record.