**ULTRA–TEMP CORPORATION,**
**Plaintiff,**

v.

**ADVANCED VACUUM SYSTEMS,**
**INC., Defendant.**

No. Civ.A. 93–10102–RBC.

United States District Court,
D. Massachusetts.

July 6, 2000.

---

1. Since the government has not sought access through informants, I don't address that situation.

Michael A. Albert, Wolf, Greenfield & Sacks, Boston, MA, Jeffrey R. Gargano, Linda A. Kuczma, Wallenstein & Wagner, Ltd., Chicago, IL, Richard C. Himelhoch, Thomas K. Stine, Robert E. Wagner, Wallenstein, Wagner & Hattis, Ltd., Chicago, IL, Brandon F. White, Foley, Hoag & Eliot, Boston, MA, for defendant.

Ellen S. Cogen Lipton, Douglas W. Sprinkle, Gifford, Krass, Groh, Sprinkle, Patmore, Anderson & Citkowski, Birmingham, MI, Ralph A. Loren, Lahive & Cockfield, Boston, MA, for plaintiffs.

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S DECISION GRANTING ATTORNEY FEES (# 245)

COLLINGS, United States Chief Magistrate Judge.

### I. Introduction

On September 27, 1999, I issued a Memorandum and Order on defendant Advanced Vacuum Systems'[1] Motion for Attorney Fees.[2] In its motion, AVS had sought the fees on a number of grounds. The Court found that an award of fees was warranted under Rule 11, Fed.R.Civ.P.,[3] because Ultra–

---

1. Hereinafter, "AVS" or "defendant".

2. *Ultra–Temp Corporation v. Advanced Vacuum Systems, Inc.,* 189 F.R.D. 17 (D.Mass., 1999).

3. Hereinafter, "Rule 11".

Temp Corporation[4] had failed to conduct an adequate pre-filing investigation into the claims of patent infringement before filing the initial complaint on January 19, 1993.

On October 12, 1999, plaintiff filed a motion for reconsideration (# 245) of that decision raising essentially four points. The first is that it was error to apply the version of Rule 11 that was applicable at the time the complaint was filed rather than the amended version which came into effect on December 1, 1993. The second is that Rule 11 sanctions cannot be imposed for filing the original complaint because the amended complaint completely superseded the original complaint. The third is that the plaintiff was unfairly surprised by the Court's imposition of sanctions under the pre–1993 version of Rule 11 and thus had not fully responded to the motion for sanctions in its opposition papers. The fourth is that in view of the unfair surprise, the Court should consider additional evidence of a prefiling investigation, and when considering the additional evidence, which plaintiff has submitted after the September 27 decision, it is clear that Rule 11 sanctions should not be imposed because plaintiff did conduct an adequate pre-filing investigation into whether or not the patents had been infringed. Each of the points shall be considered in turn.

## II. The Application of the Earlier Version of Rule 11

■ As indicated, the complaint was filed on January 19, 1993. The effective date of the 1993 amendments to Rule 11 was December 1, 1993. The violation that the Court found concerned the lack of an adequate investigation of the claims of patent infringement *before* the filing of the complaint.

Ultra–Temp's argument that I should have applied the amended version of Rule 11, which did not become effective until December 1, 1993, to the conduct which led up to

the filing of the complaint is without merit. The Supreme Court's Order of April 22, 1993, respecting amendments including those to Rule 11 read, in pertinent part:

That the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 1993, and shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending.

Almost identical language was used when the Federal Rules of Civil Procedure were amended in 1980, 1983, 1985, 1991, 1995, 1996, 1997 and 1999.[5] In 1988, Congress legislated the principle into law in 28 U.S.C. § 2074, which provides, in pertinent part:

The Supreme Court may fix the extent such rule shall apply to proceedings then pending, except that the Supreme Court shall not require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies.

Accordingly, since the instant case was pending when the amendments to Rule 11 became effective on December 1, 1993, the amendments clearly would govern any conduct which occurred in the case after that date. However, there is no case which holds that the amendments would apply to conduct in a pending case that occurred *before* December 1, 1993. In fact, courts have held just the opposite. On the topic of applying new amendments to pending cases, it was noted in one leading treatise that:

In some instances, the temporal aspect of the application of the amendment is obvious. For example, Rule 11 was amended in a significant way in 1983 and

---

4. Hereinafter, "Ultra–Temp" or "plaintiff".

5. The language used when the Rules were first promulgated in 1938 was similar. That language provided, in pertinent part, that the rules:

 ... govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the

Court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedures applies.

Rule 86(a), Fed.R.Civ.P. This language was used in 1966, 1970 and 1972. A further variation was used in 1976.

again in 1993. The rule makes the signatures on a paper filed in court a certificate as to a variety of matters about the assertions made in the paper, and subjects those who violate its terms to sanctions. It takes little reflection to see that the pertinent provisions of Rule 11 should be those in effect at the time a filing is made, and the courts have so held.

Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d,* § 3182, p. 557 (1997) *citing Land v. Chicago Truck Drivers, Helpers & Whse. Workers Union Health and Welfare Fund,* 25 F.3d 509 (7th Cir., 1994); *Silva v. Witschen,* 19 F.3d 725 (1st Cir., 1994); *Homer v. Halbritter,* 158 F.R.D. 236 (N.D.N.Y., 1994); *see also Hashemi v. Campaigner Publications, Inc.,* 784 F.2d 1581 (11th Cir., 1986); *compare Knipe v. Skinner,* 19 F.3d 72 (2nd Cir., 1994); *Del Canto v. ITT Sheraton Corp.,* 865 F.Supp. 934 (D.D.C., 1994).

The result is no different if the conduct which violates Rule 11 occurs before the effective date of the amendment, but the motion for sanctions was filed after that date. *Homer,* 158 F.R.D. at 237.[6] The conduct is to be judged by the provisions of Rule 11 in effect at the time the conduct occurred. *Knipe,* 19 F.3d at 78.

The question is different when it comes to the issue of what *sanction* is to be imposed for the violation. Under the pre-1993 version of Rule 11, the imposition of a sanction

was mandatory; under the version of Rule 11 that became effective on December 1, 1993, the imposition is discretionary. *Knipe,* 19 F.3d at 78. In determining what sanction to apply, the December 1, 1993, version of Rule 11 should be applied. *Id.; Del Canto,* 865 F.Supp. at 939. However, the conduct which is the subject of the Rule 11 motion is to be judged by the version of Rule 11 in effect when the conduct occurred.[7]

### III. The Effect of Filing an Amended Complaint Upon A Violation of Rule 11

 Ultra Temp argues that the filing of the Amended Complaint (# 34) on February 27, 1994, superseded the original complaint and had the effect of forever barring the possibility that sanctions could be imposed as a result of failing to do a pre-filing investigation before filing the original complaint. According to Ultra–Temp, when an amended complaint has been filed, any Rule 11 proceeding must deal only with the amended complaint, and since the amended complaint was filed after December 1, 1993, the proceeding must be governed by the amendments to Rule 11 which came into effect on that date. These arguments are meritless. The amended complaint merely added two additional counts. The first four counts of the amended complaint were substantially restatements of the same counts in the original complaint. *Compare* # 1, ¶¶ 1–23 with # 34, ¶¶ 1–27.

---

6. *See also Nasatka v. Delta Scientific Corp.,* 34 U.S.P.Q.2d 1649 (E.D.Va., 1994) in which the defendant sought the imposition of Rule 11 sanctions as a consequence, *inter alia,* of the plaintiff's failure to conduct an adequate pre-filing investigation. In that case, Chief Judge Cacheris wrote:

> Although Delta's motion for sanctions was filed on January 14, 1994, the activities complained of regard the lack of an investigation prior to the filing of the Complaint on November 19, 1993, and discovery abuses occurring immediately thereafter. As a result, the Court feels it is not "just and practicable" to apply the amended Rule 11 to this sanction proceeding.

*Id.* at 1651, n. 2.

Chief Judge Cacheris vacated the decision to award Rule 11 sanctions after new evidence of the prefiling investigation was presented. 37 U.S.P.Q.2d 1223 (E.D.Va. 1994). However, the

holding that the pre–1993 version of Rule 11 was applicable was not altered. An appeal was dismissed, 53 F.3d 345 (Fed.Cir., 1995) and the Supreme Court denied *certiorari,* 516 U.S. 1112, 116 S.Ct. 912, 133 L.Ed.2d 843 (1996).

7. Nothing in the Court's decision in *EEOC v. Tandem Computers Inc.,* 158 F.R.D. 224 (D.Mass., 1994) (cited by the plaintiff) is to the contrary. In that case what was sanctioned was the persistent advancing of an argument which had been rejected by the Court. The argument first was rejected in a denial of summary judgment on December 12, 1993. *Id.* at 228. Although the argument was presumably put forth in papers filed before that decision, the sanctions were imposed for repetitions of the argument, all of which occurred after the initial denial. It was for this reason that the Court applied Rule 11 as amended on December 1, 1993 to the question of whether Rule 11 sanctions were to be imposed. *Id.* at 227.

First, it should be obvious that the requirement of a pre-filing investigation would be utterly meaningless if a party could file a complaint without having done the requisite investigation, do some discovery, and then file an amended complaint and thereby insulate itself from any possibility of being sanctioned for the failure to conduct a pre-filing investigation before filing the original claim. It is well to recall the words of the Federal Circuit in the case of *Judin v. United States*, 110 F.3d 780, 785 (Fed.Cir., 1997) in which the Court noted that a "violation of Rule 11 was not cured by the fact that, after filing the complaint, Judin consulted with an expert and was able to make 'colorable' arguments in response to a motion for summary judgment of non-infringement." The same can be said with respect to an amended complaint. The violation of Rule 11 that occurred when an inadequate pre-filing investigation was done before the filing of the original complaint is not cured by the filing of an amended complaint which contains the same claims even if the plaintiff has engaged in substantial discovery between the filing of the original and amended complaints.[8]

■ Second, the doctrine that an "amended pleading that is complete in itself and does not reference or adopt any portion of the prior pleading supersedes the prior pleading" has no bearing on the issue of whether a party can be sanctioned under Rule 11 for failing to conduct an adequate pre-filing investigation. Rather, the doctrine is meant to eliminate any confusion as to which pleading is operative. The doctrine also serves to make clear that claims alleged

in an original complaint and not contained in an amended complaint are waived. But that does not mean that the original complaint is a nullity and can be relevant for no purpose whatever. For example, an original complaint may be allowed into evidence even though an amended complaint has been filed. *See Andrews v. Metro North Commuter R.R.*, 882 F.2d 705, 707 (2 Cir., 1989). Similarly, an original complaint filed without the required pre-filing investigation can be the subject of a motion for Rule 11 sanctions on that ground even if an amended complaint is later filed. I note that plaintiff cites no case to the contrary.[9]

■ Third, there is law to the effect that an amended complaint supersedes an original complaint only if the claims in the original complaint are not restated, as they were in the instant case. There is a line of cases in the Seventh Circuit to this effect.

An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn *as to all matters not restated in the amended pleading,* and becomes *functus* officio. (Emphasis supplied)

*Nisbet v. Van Tuyl,* 224 F.2d 66, 71 (7th Cir., 1955)[10] (citing 71 *Corpus Juris Secundum,* Pleading, § 444, pp. 716 and 717.) *See also Lubin v. Chicago Title and Trust Company,* 260 F.2d 411, 413 (7th Cir., 1958).

■ Thus, the general proposition upon which plaintiff relies is inapplicable to the instant case in which the first four counts of

---

8. I note that discovery was ongoing during the period between the filing of the original and amended complaints. Discovery was originally due to close as of December 31, 1993, was extended to February 28, 1994, and then was further extended to May 31, 1994.

9. The only case cited by the plaintiff on this issue in its motion for reconsideration is *Denver Roof and Homer Roof v. Brown,* a Sixth Circuit case. Plaintiff includes a quotation from the case, and cites it as 708 F.2d 727 (6th Cir., 1992). However, the citation is to a case entitled *Roof v. Brown* which is part of a list of Sixth Circuit "Decisions Without Published Opinions." Since plaintiff's counsel did not serve a copy of the decision on the Court, as required by Rule 24 of the Sixth Circuit Rules, the Court should not consider the

opinion. However, in this day and age when things are not exactly what they seem, the Sixth Circuit "unpublished" opinion was "published" in the sense that it is available on the *Lexis* database at 1982 U.S.App. LEXIS 11435. The opinion has nothing to do with Rule 11 but merely restates the general proposition upon which plaintiff relies. For the reasons stated in the body of this memorandum, I do not find that the general proposition precludes the imposition of Rule 11 sanctions for the failure to conduct an adequate investigation before filing a complaint when an amended complaint is later filed.

10. *Functus officio* is Latin for "having performed his or her office." *Black's Law Dictionary,* Seventh Edition, p. 682 (1999).

the original complaint are restated in the amended complaint.

### IV. Was the Plaintiff Unfairly Surprised?

■ Ultra Temp argues that somehow it was not required to respond fully to defendant's motion to the extent that it relied on Rule 11 as it existed prior to December 1, 1993.[11] This claim is absolutely frivolous. The defendant's Motion for Attorney Fees (# 218) was based, in part, on Rule 11, and in its memorandum in support, the defendant noted that "Ultra–Temp's failure [to perform an adequate prefiling investigation] is also contrary to Rule 11 of the Federal Rules of Civil Procedure" citing *Judin,* 110 F.3d 780. *See* # 219, p. 4. And in a footnote, the defendant specifically noted that it was relying on Rule 11 as it existed prior to the December 1, 1993, amendments. # 219, p. 4., n. 2. Plaintiff may have been "surprised" that the Court based its decision on Rule 11 as it existed prior to December 1, 1993, and on the *Judin* case, but any failure to respond fully to defendant's arguments was not due to surprise but rather to its own myopia. This was certainly not a case of "unfair" surprise.

### V. Should the Court Consider the Added Evidence of a Prefiling Investigation?

■ As part of its motion for reconsideration, Ultra Temp presents a plethora of additional evidence respecting its prefiling investigation and requests that I consider the evidence at this point. No sound reason is given for the failure to proffer the evidence in opposition to the original motion. Even if plaintiff was "surprised" by the Court's application of Rule 11 as it existed prior to December 1, 1993, and did not expect sanctions to be imposed under that rule, the defendant had sought an award of attorney fees for failure to conduct an adequate prefiling investigation on grounds quite apart from Rule 11. Specifically, the defendant relied on 35 U.S.C. § 285, and had cited the case of *Enpat v. Microsoft Corporation,* 26 F.Supp.2d

811 (E.D.Va., 1998) as support for the proposition that a case could be "exceptional" under 35 U.S.C. § 285 on the basis that the plaintiff failed to conduct a reasonable prefiling investigation. *See* # 219, p. 4 and Exh. E. The first argument made in Defendant's Memorandum in Support of its Motion for Attorney Fees is that "ULTRA–TEMP FAILED TO REASONABLY INVESTIGATE ITS ALLEGATIONS OF INFRINGEMENT BEFORE BRINGING SUIT." # 219, p. 1. In these circumstances, it strains credulity for Ultra–Temp to argue that it was not put on notice that the adequacy of its prefiling investigation was a central issue in the case, or that somehow it was led to believe or reasonably believed that it need not set forth all relevant evidence in support of its position in opposition to the motion.

In short, I find no good reason why Ultra–Temp should be allowed at this point to offer additional evidence on the issue. The fact that the Court found against it is not a good reason. A litigant is under an obligation to present all relevant, material, non-cumulative evidence on point when opposing a motion. The system does not permit a party a second "bite at the apple" when an issue has been decided against that party. If it did, litigation would be endless. While the Court realizes it has discretion in the matter, *see Nasatka,* 37 U.S.P.Q.2d at 1223, the Court can find no basis upon which to exercise its discretion in the manner plaintiff seeks. Accordingly, the Court declines to reconsider its September 27, 1999, decision on the basis of the additional evidence of Ultra–Temp's prefiling investigation not presented to the Court until after the September 27 decision issued.

### VI. Should the Court Reconsider the Sanction of Awarding Attorney Fees?

There is one aspect of the matter, not argued by plaintiff, that does merit reconsideration. While it is clear that the "conduct" of Ultra–Temp before and at the time it filed its original complaint (January 19, 1993)

---

**11.** "Ultra–Temp was taken by surprise that this Court applied the old version of Rule 11." # 246, p. 1.

must be judged by the version of Rule 11 then in effect, the Court should consider whether the sanction imposed for any violation, which would obviously be imposed after December 1, 1993, should be governed by the version of Rule 11 as amended on that date. *Knipe,* 19 F.3d at 78; *Del Canto,* 865 F.Supp. at 939–40.

With respect to sanctions, the 1993 amendments made two major changes. The first is that before the 1993 amendments, imposition of sanctions was mandatory once a Rule 11 violation was found. Under the amended Rule 11, the imposition of sanctions is discretionary. *Del Canto,* 865 F.Supp. at 939. The second is that under the amended version, sanctions should be imposed for the purpose of deterrence rather than to compensate the opposing party. As the First Circuit has explained:

> [D]eterrence was the primary purpose served by Rule 11 sanctions prior to December 1, 1983[sic]. *See Cooter v. Gell,* 496 U.S. at 393, 110 S.Ct. at 2454. Yet "courts ... ha[d] noted that compensatory and punitive purposes also [we]re served by sanctions [under old Rule 11]." Charles A. Wright & Arthur [R.] Miller, 5A *Federal Practice and Procedure* § 1336 at 100–101 (1990); *Anderson,* 900 F.2d at 394–95. Under amended Rule 11, however, "the purpose of ... sanctions is to deter *rather* than compensate...." Fed. R.Civ.P. 11 advisory committee note (emphasis added). Thus, under amended Rule 11, "if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty," *id.,* though the court may award monetary sanctions to a party in "unusual circumstances," *id.*

*Silva,* 19 F.3d at 729, n. 5 (emphasis in original).

Accordingly, the Court shall allow the motion for reconsideration only to the extent that the Court shall, after receiving further briefs, reconsider the award of attorney fees and costs as an appropriate sanction for failing to conduct an adequate prefiling investigation. In all other respects, the motion shall be denied. Specifically, the Court adheres to its finding that Ultra–Temp violated Rule 11 as it read prior to December 1, 1993, by failing to do an adequate pre-filing investigation. Further, the Court shall not consider the further evidence of a prefiling investigation, which was not submitted until after the decision on September 27, 1999.

### VII. Order

It is ORDERED that Plaintiff's Motion for Reconsideration of This Court's Decision Granting Attorney Fees (# 245) be, and the same hereby is, ALLOWED to the extent that the Court shall reconsider its decision to award attorney fees as a sanction for the Rule 11 violation which the Court has found. In all other respects, it is ORDERED that Plaintiff's Motion for Reconsideration of This Court's Decision Granting Attorney Fees (# 245) be, and the same hereby is, DENIED.

Counsel for AVS is granted leave to file and serve, *on or before the close of business on Monday, August 7, 2000,* a memorandum of law on the question of the appropriate sanction to be imposed under Rule 11 as it was amended in 1993 for failure to conduct an adequate prefiling investigation in the circumstance in which the Court did not find a basis for an award under 35 U.S.C. § 285. Counsel for Ultra–Temp is granted leave to file a memorandum of law on the same issue *on or before the close of business on Thursday, September 7, 2000.*

In their memoranda, counsel shall point out any cases decided by the Federal Circuit that are germane to the issue.