**BLOOM et al. v. REILLY, Postmaster.**

**No. 9143.**

District Court, D. New Jersey.

April 11, 1947.

Lawrence Friedman, of Newark, N. J., for plaintiffs.

Edgar H. Rossbach, U. S. Atty., and Roger M. Yancey, Asst. U. S. Atty., both of Newark, N. J., for defendant.

FAKE, District Judge.

The issues here arise on a motion to dismiss the complaint on the ground that the Postmaster General is an indispensable party to the suit and process was not served upon him within this district.

Owing to ineptness appearing on the face of the complaint herein, I have been put to much labor which would have been avoided had the pleader given heed to the basic rules of pleading. I do not understand that our modern federal practice was intended to permit either an avoidance or an evasion of those rules of logic which lie at the base of all good pleading.

The complaint herein prays relief solely against Louis Reilly, the local postmaster at Newark. The only material allegations in the complaint set forth that plaintiffs are engaged in using the mails in the sale of vitamins coupled with a reducing program advertised as the "Regent Reducing Plan" and Reilly wrongfully refuses to allow them to send or receive mail in connection therewith.

The complaint sets out a voluminous record of an alleged proceeding before the Postmaster General resulting in a ruling there against the plaintiffs. This matter is merely surplusage in the complaint and falls in conflict with the rule that "it is not necessary to state matter which would come more properly from the other side." Upwards of two centuries ago,

Sir Matthew Hale said it is "like leaping before one comes to the stile." This rule is followed in equity since "an original bill in chancery is in the nature of a declaration at common law." These things are as true in the year 1947 as they were upwards of two centuries ago.

In the absence of the surplusage I have above referred to, the complaint herein is sufficient on its face to constitute a cause of action against the local postmaster standing alone. It is for him to interpose a defense and not for plaintiffs to anticipate what it will be in their complaint.

The motion to dismiss is denied and an order will be entered permitting plaintiffs to amend their complaint in conformity herewith.