260 F.2d 411
 Edward Richard LUBIN and Herbert Arthur Lubin, Plaintiffs-Appellants,
v.
CHICAGO TITLE AND TRUST COMPANY, a corporation, Marie Lundberg Lubin and Mollie Lubin, as Executrix of the Estate of Herbert Lubin, Deceased, Defendants-Appellees.
 No. 12319.
 United States Court of Appeals Seventh Circuit.
 November 6, 1958.
 
 Maurice E. Burr, Chicago, Ill., Eugene L. Trope, Sorrell Trope, Meyer Berkowitz and Berkowitz & Rhodes, Beverly Hills, Cal., Burr & Golden, Chicago, Ill., and Trope & Trope, Beverly Hills, Cal., of counsel, for appellants.
 Charles F. Grimes, Thomas L. Marshall, Charles T. Martin, and Bell, Boyd, Marshall & Lloyd, Chicago, Ill., for defendant-appellee, Chicago Title and Trust
 Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.
 PARKINSON, Circuit Judge.
 
 
 1
 Appellants, plaintiffs below, alleging certain wrongful acts of defendant Chicago Title and Trust Company, in its capacity as trustee, seek to surcharge it with loss of trust income. In the alternative they ask damages totalling $4,000,000.
 
 
 2
 The District Court held that Marie Lundberg Lubin, hereinafter referred to as Marie, nominal settlor of the trust, and Mollie Lubin, executrix of the estate of Herbert Lubin, deceased, hereinafter referred to as Mollie, executrix, were indispensable parties. After Marie and Mollie, executrix, were made defendants because they would not join as plaintiffs, the Court refused to align them with the plaintiffs and held that this destroyed diversity jurisdiction. The action was, therefore, dismissed and this appeal followed.
 
 
 3
 Herbert Lubin, hereinafter referred to as Herbert, and Marie were husband and wife and had two children, the present plaintiffs. On June 21, 1927 Herbert, through Marie as nominal settlor, created a trust fund of $1,750,000. The defendant Chicago Title and Trust Company was appointed trustee. By the terms of the trust Marie was to receive $10,000 a year with the remainder of the income to Herbert. Upon Herbert's death Marie's interest would terminate and all income would go to the two plaintiffs. The corpus was to be distributed to the plaintiffs when each became 35.
 
 
 4
 Herbert died on January 29, 1953 and at that time his interest in the trust along with that of Marie terminated. Mollie was named executrix of his estate, Marie and Herbert having been divorced prior to Herbert's death.
 
 
 5
 In the year 1931 certain creditors, including the United States, successfully followed the funds into the trust. Litigation ensued resulting in a court decree directing payment by the trustee of approximately $300,000. The decree stated that the payments were to be made solely from the corpus of the trust and that neither Herbert nor Marie could be held responsible for its depletion.
 
 
 6
 In 1934 another creditor of Herbert attempted to reach the corpus of the trust. The plaintiffs here were, with others including the Trustee, party defendants in that litigation. The defendants prevailed and the creditor was defeated.
 
 
 7
 It also appears that in 1932 Herbert for consideration, not here important, agreed not to institute any action against the Trustee for what he apparently thought were wrongful acts in its management of the trust.
 
 
 8
 For jurisdictional purposes the plaintiffs are citizens of California as are both Marie and Mollie, executrix. The defendant Trustee is an Illinois corporation.
 
 
 9
 Defendant Trustee in its brief and in oral argument before this court makes many references to the original complaint and the three intervening amended complaints. However, in deciding the issue before us we must examine only the fourth amended complaint. It is hornbook law that an amended complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter functus officio. Ericson v. Slomer, 7 Cir., 1938, 94 F.2d 437, 439; Nisbet v. Van Tuyl, 7 Cir., 1955, 224 F.2d 66, 71. Therefore, limiting ourselves to the fourth amended complaint we must from it alone determine whether Marie and Mollie, executrix, are indispensable parties and if so with which side should they be aligned.
 
 
 10
 One is not an "indispensable party" merely because he has some interest in the subject matter of the litigation nor because his presence is required for a complete adjudication in that suit of all questions related to the litigation. The test here is whether the interests of Marie and Mollie, executrix, in the subject matter of the litigation is such that no decree could be entered in this case which would do justice to the plaintiffs and the Trustee without injuriously affecting the rights of Marie and Mollie, executrix, or either of them. Texas Co. v. Wall, 7 Cir., 1939, 107 F.2d 45, 50; Wesson v. Crain, 8 Cir., 1948, 165 F.2d 6, 9.
 
 
 11
 The amended complaint here in question alleges six specific instances of misconduct on the part of the Trustee.
 
 
 12
 Three of these allegations charge the Trustee with having purchased from itself as an individual three notes made by other parties that were inadequately secured and all of which were eventually defaulted. The Trustee is charged with having thereby shifted the loss on an improvident investment from itself to the trust. Assuming, arguendo, that these charges are true neither Marie nor Mollie, executrix, will or could suffer by a judgment in plaintiffs' favor on this issue.
 
 
 13
 The fourth allegation charges the Trustee with unauthorized investments in highly speculative corporate stocks which resulted in a loss of principal in the approximate sum of $250,000. Again neither Marie nor Mollie, executrix, can be held in any way responsible for this and any judgment against the Trustee would in no way adversely affect them.
 
 
 14
 In the fifth instance it is alleged that the Trustee wrongfully increased its trustee fees by fifty (50%) per cent. This matter quite obviously concerns no one other than plaintiffs and the Trustee.
 
 
 15
 In the sixth specific charge the Trustee is accused of having accepted a note in the amount of $749,500 from Herbert; imprudently granting renewals thereof; and failing to make any attempt to enforce collection.
 
 
 16
 We fail to see how judgment in favor of plaintiffs on this issue could affect Marie, the nominal settlor, in any manner whatsoever. As to Mollie, executrix, plaintiffs argue that they are not attempting to collect or to force the Trustee to collect the note from the Lubin estate but they simply seek to surcharge the Trustee for its past negligence. Of even more import is that no matter who holds the note the Lubin estate is still liable thereon, if liability does in fact exist. Assuming that the Trustee should choose to go against the Lubin estate, if the Trustee is held liable here, that could be no more injurious to Mollie, executrix, than if the plaintiffs themselves were to bring an action on the note. Hence whether the note is good or bad the estate is in the same position as respects its payment regardless of the outcome of any action between the plaintiffs and the Trustee.
 
 
 17
 In rhetorical paragraph XII(f) of legal paragraph I plaintiffs state that the Trustee has "depleted the corpus * * by almost two-thirds (2/3)." In rhetorical paragraph XIV of legal paragraph I plaintiffs also state that the "Trust Estate has been depleted from the original sum of $1,750,000.00 to a sum of approximately $350,000.00, to the damage of plaintiffs by way of loss of principal in the sum of $1,400,000.00."
 
 
 18
 This the Trustee states is a direct attack on the decrees of 1931 and 1934 and also upon the so-called accord and satisfaction of 1932. Plaintiffs on the other hand say it is no such thing and have stated in open court here that they will stipulate that the decree of 1931 is binding upon them. They further contend that inasmuch as they themselves were successful in the 1934 suit they would hardly be and definitely are not attacking that decree now.
 
 
 19
 It is possible that the Trustee might rely on these past decrees as a defense for partial depletion of the corpus though exactly how we can not nor need we now say. It is also conceivable that if the plaintiffs should recover any amount from the Trustee the latter would be within its rights to proceed against some third party. This we do not decide or suggest. However, the plaintiffs are not required to anticipate defenses of the Trustee. Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Buckstaff v. Russell & Co., 1894, 151 U.S. 626, 632-633, 14 S.Ct. 448, 38 L.Ed. 292; Boston & Montana Consol. Copper & Silver Mining Co. v. Montana Ore Co., 1903, 188 U.S. 632, 638-639, 23 S.Ct. 434, 47 L.Ed. 626; Dixie-Vortex Co. v. Paper Container Mfg. Co., 7 Cir., 1942, 130 F.2d 569, 576; Bloom v. Reilly, D.C.1947, 6 F.R.D. 514.
 
 
 20
 We find nowhere in the fourth amended complaint any allegation that attacks any prior court decision or decree. We also fail to find anything in this complaint that alleges either Marie or Mollie, executrix, is liable to the plaintiffs in any manner. In fact it specifically avers that the "plaintiffs seek no relief whatsoever herein against said Marie Lundberg Lubin" or "against said Mollie Lubin, Executrix of the Estate of Herbert Lubin, Deceased" and that they are joined as defendants for the sole reason that they had theretofore been held to be indispensable parties by the court and had refused to join as plaintiffs although requested so to do.
 
 
 21
 We cannot say that any decree that may here be entered between plaintiffs and the Trustee will injuriously affect either Marie or Mollie, executrix.
 
 
 22
 The District Court was in error in holding Marie and Mollie, executrix, to be indispensable parties.
 
 
 23
 Judgment reversed and cause remanded with instructions to dismiss as to the named defendants Marie Lundberg Lubin and Mollie Lubin, Executrix of the Estate of Herbert Lubin, Deceased and to deny the motion to dismiss of defendant Chicago Title and Trust Company.