**LABORERS' PENSION FUND,
et al., Plaintiffs,**

v.

**LEOPARDO CONSTRUCTION,
INC., Defendant.**

**No. 91 C 4847.**

United States District Court,
N.D. Illinois, E.D.

Nov. 5, 1991.

## MEMORANDUM OPINION

GRADY, District Judge.

Defendant has moved to dismiss the complaint and plaintiffs seek to file an amended complaint which will name the proper plaintiff. For the reasons stated below, the court denies defendant's motion as moot and grants plaintiffs' motion to file an amended complaint.

## FACTS

Plaintiff trust funds filed a complaint against defendant alleging that defendant had not made required payments to the funds. Defendant filed a motion to dismiss the complaint, arguing that the plaintiffs did not have standing to bring suit under ERISA and section 301 of the Labor–Management Relations Act. Plaintiffs responded by requesting leave to file an amended complaint naming the proper plaintiff.[1] Defendant has filed an objection to the motion to amend, arguing, as it had in its motion to dismiss, that the court

lacks subject matter jurisdiction and therefore cannot permit an amendment.

## DISCUSSION

A dismissal of a complaint without leave to amend—which is what defendant seeks here—would be, in effect, a dismissal with prejudice. That would ordinarily be too harsh a result to impose upon a party who has simply named the wrong plaintiff—for instance, as here, naming the funds instead of the administrator of the funds. On the other hand, since the funds do not have standing to bring the case in the first place, a dismissal with prejudice would arguably be no disadvantage to the funds. To be sure of that, however, one would need to explore the possibility that a final dismissal of the funds' case might have a collateral effect upon the right of the administrator to file essentially the same claims on behalf of the funds. This is not an exercise which would warrant the time of the court or the parties.

The effect of an amended complaint would be to supersede the original complaint. An amended complaint "completely eliminates the original complaint from the instant litigation." *Tasner v. Billera*, 379 F.Supp. 809, 824 n. 3 (N.D.Ill.1974); *see also Lubin v. Chicago Title & Trust Co.*, 260 F.2d 411, 413 (7th Cir.1958). If the administrator went to the Clerk's Office and filed a complaint in his own name, the fact that the funds had filed an earlier complaint would have no affect on the viability of the claims asserted in the administrator's complaint. The motion to amend the instant complaint seeks to accomplish the same thing: to file a new complaint, in the name of the proper plaintiff, which will have the effect of completely superseding the pending complaint filed by the funds. Substitution of the proper plaintiff by way of an amended complaint is ordinarily proper, and it has been held error to preclude such an amendment. *Staren v. American Nat'l Bank and Trust Co. of Chicago*, 529 F.2d 1257, 1262–64 (7th Cir.1976).

---

1. The plaintiff in the proposed amended complaint would be James Murphy, Administrator and Fiduciary of plaintiff funds. Mr. Murphy is

a proper plaintiff. *See, e.g., Giardono v. Jones,* 867 F.2d 409, 411 (7th Cir.1989).

Defendant argues, however, that the naming of the wrong plaintiffs in the original complaint deprives the court of subject matter jurisdiction to take any action whatever in the case, including entry of an order allowing the filing of an amended complaint. In support of its argument, the defendant cites only the Second Circuit case of *Pressroom Unions–Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889, 893 (2d Cir.), *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). Objection of Defendant Leopardo Construction, Inc. to Plaintiffs' Motion for Leave to File Amended Complaint ("Defendant's Brief"). Defendant quotes language from *Pressroom* which seems to support its position (Defendant's Brief at 2), and refers to the case as involving "the identical situation as in this case." *Pressroom* is said to be a "clear ruling" on the jurisdictional point. *Ibid.* Despite these representations by defendant's counsel, a reading of *Pressroom* indicates that the Second Circuit would permit an amendment here. In a footnote to its discussion, 700 F.2d at 893–894 n. 9, the court acknowledged that it had "previously recognized that an amendment adding a party that brings the case within a district court's jurisdiction can be granted." The court remarked that such an amendment would be a new action and would not relate back to the original action for limitations purposes. Because, in the case before it, there was a limitations problem, the court held that the district judge had "properly exercised his *discretion* to deny the motion to amend...." *Ibid.* (Emphasis added). In the instant case, defendant acknowledged at oral argument that no statute of limitations problem exists. Therefore, under the reasoning of *Pressroom,* this court would have discretion to permit the amendment sought by plaintiffs. But beyond that, this court is not obliged to follow *Pressroom* in any event. Authority from other circuits can be persuasive, but where the reasoning is not persuasive it is certainly not binding. *Levas and Levas v. Village*

*of Antioch,* 684 F.2d 446, 451 (7th Cir. 1982). This court does not agree with the basic premise of *Pressroom* that a court must have subject matter jurisdiction of the original complaint in order to permit the filing of an amended complaint. The action sought by the plaintiffs—leave to file an amended complaint—does not derive from the court's jurisdiction over the original complaint. The plaintiffs are not requesting any action concerning the original complaint. All they seek is an order which will allow the administrator to file his own complaint, which he has a right to do anyway, and which will have the net effect of excusing him from paying a separate filing fee. Excusing a filing fee is a discretionary matter that is entirely unrelated to any question of subject matter jurisdiction.

Moreover, the distinction made by the court in *Pressroom* between a case that involves a limitations problem and a case that does not is one this court does not understand. Limitations has nothing to do with subject matter jurisdiction nor, as far as this court can see, does it have anything to do with the right to amend. Limitations is a defense, and the way to raise it is by answer or motion addressed to the complaint. It is not something that is raised in opposition to the filing of a complaint.

Finally, if the question is really whether the court has *jurisdiction* to permit an amendment, there would be no role for discretion. Because the reasoning of *Pressroom* is not persuasive, this court would be disinclined to follow it even if it did stand for the proposition that this court lacks the power to permit an amended complaint to be filed.

What defendant's position comes down to is that, while the administrator can file a complaint against defendant, he can do so only by paying a $120.00 filing fee and obtaining a new docket number.[2] This court disagrees, and will permit an amended complaint to be filed in this case by the

---

**2.** At oral argument on plaintiffs' motion for leave to file an amended complaint, counsel for defendant appeared to concede that, aside from his point about subject matter jurisdiction, this was the practical difference between filing an amended complaint and opening a new case.

administrator of the funds.[3] That may be done by November 22, 1991. The amended complaint will supersede the original complaint and will moot the defendant's motion to dismiss the original complaint.

Plaintiff should assume that defendant will insist upon formal service of the amended complaint and a new summons. *See Pressroom*, 700 F.2d at 893–94 n. 9. No time should be wasted arguing about the need for service. Plaintiff should effect service without delay.

Defendant requests leave of court to file a Rule 11 motion. *See* ¶ 11 of Defendant's Brief. The court will not deny leave, but points out to counsel for defendant that it regards defendant's argument based on *Pressroom* as itself a possible Rule 11 violation. The case is set for a status conference on November 27, 1991, at 11:00 a.m. to discuss the matter of sanctions. Mr. Donald D. Schwartz, who signed the complaint, and Mr. Richard F. Nelson, who signed defendant's objection to the motion for leave to file an amended complaint, should be prepared to show why sanctions should not be imposed against each of them.

CONCLUSION

Plaintiffs' motion for leave to file an amended complaint is allowed. An amended complaint may be filed by November 22, 1991. Summons is to issue on the amended complaint. Defendant's motion to dismiss the original complaint is denied as moot. Case is set for a status conference on November 27, 1991, at 11:00 a.m. to discuss the matter of possible Rule 11 sanctions in connection with the original complaint and defendant's objection to the motion to file an amended complaint.

---

**3.** In a recent Seventh Circuit case, the court mentioned, without further comment, the fact that a plaintiff who had failed to allege diversity of citizenship (subject matter jurisdiction) was allowed to file an amended complaint. *Chicago Downs Association, Inc. v. Dennis R. Chase*, 944 F.2d 366, 368 (7th Cir.1991). Since lack of subject matter jurisdiction is something a court is required to raise on its own motion, *Rice v. Rice Foundation*, 610 F.2d 471, 474 (7th Cir. 1979), the failure of the court to note any lack of jurisdiction over the amended complaint would indicate that it saw no jurisdictional problem.