**HEALTH COST CONTROLS, Plaintiff,**

v.

**Karen BICHANICH, Defendant.**

**No. 96 C 7172.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 1, 1997.

Henry Schuberth Romano, Jr., North-brook, IL, for plaintiff.

James E. Ocasek, Cooney & Conway, Chi-cago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Health Cost Controls ("HCC") sued Karen Bichanich ("Bichanich") under ERISA to re-cover medical benefits paid to her through her employer-sponsored health care plan. Both parties filed motions pursuant to Fed. R.Civ.P. ("Rule") 56(c) for summary judg-ment. On May 9, 1997, the Court directed HCC to submit evidence establishing that it is a fiduciary within the meaning of the stat-ute. For the reasons set forth below, the Court finds that HCC is a fiduciary, grants HCC's motion for summary judgment in part, denies Bichanich's motion for summary judgment and dismisses the supplemental state law claim.

### Facts [1]

In 1993, Bichanich was an employee of Abbott Laboratories and a participant in its Employee Welfare and Benefit Plan ("the Plan"). The Plan is an employee welfare benefit plan within the meaning of Section 302(1) of ERISA.

On March 10, 1993, Bichanich was injured in an accident. She received medical treat-ment for her injuries and was reimbursed $14,215.63 by the Plan for the treatment.

Sometime after the accident, Bichanich re-ceived $100,000 in partial settlement of her claims against the third-parties responsible for the accident. Following the settlement, HCC made a demand on Bichanich's counsel for reimbursement of the $14,215.63 the Plan had previously paid for her treatment.

1. The facts recited in this section are taken from the parties' Local Rule 12 submissions. The Court may consider any extrinsic evidence sub-mitted by the parties in determining whether a sufficient factual basis for its subject matter juris-diction exists. *Grafon v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979), (citing *Gibbs v. Buck,* 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939)).

On October 18, 1996, Bichanich's attorneys sent HCC a check in the amount of $14,215.63. Simultaneously, they demanded that the Plan reimburse to them within thirty days $6,685.75 of the fees and costs expended to obtain the settlement. This demand, Bichanich's attorneys asserted, was supported by the Illinois common fund doctrine.

On October 28, 1996, HCC returned the check to Bichanich's attorneys. The sole explanation for its return was HCC's belief that the common fund doctrine could not be applied to ERISA plans.

On November 4, 1996, Bichanich's attorneys wrote a letter to HCC protesting the return of the check. The letter noted that "the check sent to HCC was for the full amount claimed and reflected no deductions for the attorney fees and costs which we claim are owed."

At about the same time, HCC filed this complaint, seeking a declaration that the Plan is entitled to recover from Bichanich an amount equivalent to the unreimbursed benefits it has paid to her.

## Discussion

### Subject Matter Jurisdiction

■ Federal courts must resolve jurisdictional issues before proceeding to the merits of a case. *See, e.g., Crawford v. United States,* 796 F.2d 924, 928 (7th Cir.1986); *A.G. Edwards & Sons Inc. v. Public Bldg. Comm'n of St. Clair County,* 921 F.2d 118, 120 at n. 2 (7th Cir.1990) (citing *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 7, 98 S.Ct. 1554, 1559, 56 L.Ed.2d 30 (1978)). Thus, the Court must decide whether it has subject matter jurisdiction over this action before addressing defendants' summary judgment motions.

■ HCC claims the Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1) because it is an ERISA plan fiduciary. *See* 29 U.S.C. § 1002(21). HCC has submitted an affidavit of Raymond Hess, Abbott Laboratories' Plan Administrator, in support of this claim. Hess asserts that HCC has been appointed to prosecute the Plan's claims to reimbursement and subrogation. (Hess Aff. ¶ 3.)

These claims are Plan assets, Hess contends, and HCC exercises discretionary authority over them. (*Id.* ¶ 4.)

Not surprisingly, Bichanich disagrees. She argues that the reimbursement claims are too speculative to constitute a Plan asset. The question for the Court, then, is whether reimbursement and subrogation claims are Plan assets within the meaning of ERISA.

Unfortunately, the statute does not define the term "asset." Moreover, neither the Seventh Circuit, nor any other as far as we can tell, has yet decided whether subrogation claims constitute plan assets within the meaning of ERISA. In fact, there are only a few cases that even address the issue tangentially, and those provide little guidance on this issue.

One of those cases is *Chapman v. Klemick,* 3 F.3d 1508 (11th Cir.1993), *cert. denied,* 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). In *Chapman* an ERISA trust fund sued Klemick, the personal injury lawyer who represented one of the fund's participants. The fund claimed that Klemick had breached his fiduciary duty to it by disbursing all of the proceeds of a settlement in which the fund asserted subrogation rights. According to the fund, the settlement proceeds were "plan assets" over which Klemick exercised discretion when he disbursed them. The district court agreed and found Klemick liable for breaching his fiduciary duty to the fund. Klemick appealed.

The Eleventh Circuit reversed. In the opinion, the court noted that the fund's claim for reimbursement "did not automatically convert the $25,000 settlement ... into assets of the Trust Fund." *Id.* at 1510. The linchpin of its decision, however, was that Klemick was hired by and acted solely on behalf of his client, the fund participant, not on behalf of the fund itself. *Id.* at 1511. Because Klemick owed fiduciary duties only to his client, the court ruled that he was not a "plan fiduciary" within the meaning of ERISA. *Id.* at 1512.

The Eighth Circuit reached a similar conclusion in *Southern Council of Industrial Workers v. Ford,* 83 F.3d 966 (8th Cir.1996). In that case, an ERISA plan sued both the

participant's lawyer and the third-party insurance company with which he settled for breach of fiduciary duty. The district court dismissed those claims and the plan appealed.

The Eight Circuit affirmed the decision. Relying on *Chapman*, the court refused to impose fiduciary liability on the lawyer given the "unacceptable conflicts of interest" such liability could create. *Id.* at 968 (quoting *Chapman*, 3 F.3d at 1511). The court also absolved the insurer saying: "a third-party insurance company with no pre-existing fiduciary relationship to the plan, was not a fiduciary merely because it possessed and controlled assets to which the plan asserted a claim." *Id.* at 969. As in *Chapman*, the crux of the Eighth Circuit's decision was the relationship between the alleged fiduciary and the plan, not the legal status of the disputed assets. *See also Witt v. Allstate Ins. Co.*, 50 F.3d 536, 537 (8th Cir.1995) ("Allstate had no pre-existing fiduciary relationship to the Funds, and we refuse to conclude that merely possessing or controlling assets to which the Fund asserted a claim created a fiduciary relationship.")

In the absence of any contrary authority, the Court concludes that the subrogation claims are Plan assets. By definition, an asset is anything of value to the Plan. The ability to recover benefits previously paid out is unquestionably valuable to the Plan.[2] According to Hess, HCC exercises substantial discretion over these Plan assets. (Hess Aff. ¶ 4.) Thus, HCC is a fiduciary under ERISA and has standing to prosecute its claims under 29 U.S.C. § 1132(a)(3). *See id.* at §§ 1002(21) and 1132(e)(1).[3]

### *Rule 11*

█ Before reaching the substance of the summary judgment motions, the Court is compelled to address a serious problem revealed by HCC's complaint. The essence of this case is whether the Illinois common fund doctrine can be asserted against the Plan. Yet, neither the words "common fund doctrine" nor the facts that give rise to its

assertion appears anywhere in HCC's complaint. In fact, HCC went to great lengths—including violating Rule 11—to ensure that the issue was not mentioned.

In paragraph fifteen of the complaint, HCC alleges that "[Bichanich] has failed and refused to repay to the Plan any portion of the monies received in the aforesaid settlement." As HCC was well aware, however, that allegation was untrue. HCC now admits that Bichanich tendered to it a check for $14,215.63 *before* this suit was filed. (Pl.'s 12(m), ¶ 15 and Pl.'s 12(n),, ¶ 8.) HCC refused to accept the payment because Bichanich's attorneys asserted a common fund claim against it. (*Id.*) But that does not mean that Bichanich "refused to repay" any portion of the settlement money, as HCC alleged.

Why HCC wanted to conceal the common fund issue is unclear. And, ultimately, it does not matter What does matter is that HCC chose to further its own objectives rather than to comply with the Rule 11 obligations it owes to this Court. That was a bad choice and one that HCC should not repeat. If it does, the Court will not hesitate to impose sanctions.

### *The Summary Judgment Motions*

Rule 56(c) permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). All facts must be viewed and all reasonable inferences drawn in the light most favorable to the nonmoving party. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991) (citing *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir.1990)). "Summary judgment is only appropriate when no reasonable jury could find for the non-moving party." *Id.*

---

2. Whether the Plan actually records the subrogation claims as assets on its financial statements is not dispositive of the ERISA analysis.

3. Given this holding, the Court will not address HCC's alternative arguments that it has derivative ERISA standing and that the Court has federal question jurisdiction over this action.

**400**

(citing *Doe v. Allied–Signal, Inc.*, 925 F.2d 1007, 1008 (7th Cir.1991)).

■ Though not explicitly stated, HCC is seeking two declarations: (1) that it is entitled to recover from Bichanich the amount the Plan paid for her medical treatment (an ERISA claim); and (2) that it is not required to pay any amount to her attorneys under the Illinois common fund doctrine (a state law claim). The parties do not dispute that the Plan is entitled to recover the money it paid for Bichanich's medical benefits. Accordingly, the Court grants HCC summary judgment on its ERISA claim and orders Bichanich to pay $14,215.63 in restitution— the undisputed amount of medical benefits the Plan provided to her.

Having disposed of the only federal claim in this suit, the Court declines to exercise its supplemental jurisdiction over HCC's common fund doctrine claim. *See* 28 U.S.C. § 1367. Because this claim arises solely from state law and is not preempted by ERISA, *see Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 495–96 (7th Cir.1997), it should be resolved by an Illinois state court. Accordingly, the common fund doctrine claim is dismissed without prejudice.

### *Conclusion*

For the reasons set forth above, the Court grants HCC's motion for summary judgment on its ERISA claim and denies Bichanich's motion for summary judgment. The Court declines to exercise its supplemental jurisdiction over HCC's Illinois common fund doctrine claim and dismisses it without prejudice to refiling in state court.