**BIOMET, INC. HEALTH BENEFIT PLAN, Plaintiff,**

v.

**Marita BLACK, Kelcey Black, Rochester City Dray, Inc., Gary A. Houser, and Carolina Casualty Company, Defendants.**

No. 3:98 CV 348 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

May 21, 1999.

Stephanie A. Smithey, Gary J. Dankert, Ice Miller Donadio and Ryan, Indianapolis, IN, for Biomet Inc. Health Banefit Plan, plaintiff.

Keith A. Gaston, Cynthia M. Locke, White and Raub, Indianapolis, IN, for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before the Court on Plaintiff's Motion for Summary Judgment and Defendants' counter-motion for Judgment on the Pleadings. The Court heard oral argument on May 10, 1999 and the parties have fully briefed the issues. Having considered same, the Court now addresses both motions.

## JURISDICTION

Jurisdiction is based upon the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* and specifically on ERISA § 502(a)(3)(B)(i) and (ii).[1]

## BACKGROUND

Plaintiff, Biomet Inc. Health Benefit Plan (Plan), is a self-funded employee welfare benefit plan established pursuant to and governed by ERISA. The Plan was established by Biomet to provide employee members and their beneficiaries certain medical, surgical and other benefits as described in the plan.

The Plan filed its Complaint against Defendants to enforce a subrogation lien for medical payments of $91,006.02 it made on behalf of Kelcey Black for injuries he received in a motor vehicle accident in December, 1991.[2] Defendants Rochester City Dray, Inc. and Houser were allegedly liable for that accident. The Blacks sued Rochester City Dray and Houser and eventually reached a settlement agreement with them and their insurance carrier, Carolina Casualty.[3] As a result of the settlement agreement Kelcey Black received an immediate payment of $40,025. In addition, an annuity was purchased for $19,975 to fund two future payments of $15,000 each in the years 2001 and 2006. The Plan asserts that its subrogation lien[4] and the terms of the settlement agreement[5] entitle it to recover the full $91,-006.02 paid out on behalf of Kelcey Black. The Plan's complaint also purports to seek monetary damages, reimbursement and/or declaratory judgment, equitable relief, as well as attorneys' fees and costs.

Defendants contend that: 1) the Plan is an improper plaintiff pursuant to ERISA; 2) the third parties are improper defendants; 3) the Plan's demand for full reimbursement requires *de novo* review; 4) the Plan's demand for $78,759 is overreaching and unreasonable; 5) the Plan is not entitled to attorney fees; and 6) prejudgment interest is payable only on the original payment less the costs of recovery.

## DISCUSSION

■ As a general rule, the subrogation rights of an ERISA-qualified employee medical benefits plan are enforceable

---

1. Defendants challenge ERISA's application and this Court's jurisdiction. The Court fully addresses this challenge below.

2. At the time of the accident, Kelcey Black was a minor and a dependent of Marita Black and was covered under the plan.

3. It is undisputed that Rochester City Dray, Gary Houser and Carolina Casualty Company are not parties to the Plan nor fiduciaries of the Plan, but are instead third-parties in this action.

4. Marita Black signed a subrogation agreement on behalf of herself and her minor son Kelcey on February 26, 1992, well after the accident.

5. The Plan asserts that the settlement agreement executed between the Blacks and the third parties obligates Dray, Houser and Carolina to comply with the subrogation agreement between the Blacks and the Plan. Defendants argue that the Plan does not have the authority to interpret the terms of the settlement agreement and that it cannot enforce subrogation rights over the third parties.

against both the employee-beneficiary and/or a third-party tortfeasor who is held responsible for the injuries to the employee-beneficiary. Theresa G. Fremont, Annotation, *Treatment of Subrogation Rights of ERISA–Qualified Self–Funded Employee Benefit Plans*, 138 A.L.R.Fed. 611 (1997). In this regard, state statutes that limit or prohibit subrogation with respect to such plans are generally preempted by ERISA.[6] *See FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). Among the federal courts in this circuit that have considered the question, an overwhelming majority have held that ERISA preempts state antisubrogation rules as they affect a plan's right to reimbursement from beneficiaries who recover from third-party tortfeasors. *See Cutting v. Jerome Foods, Inc.*, 820 F.Supp. 1146, 1150–51 (W.D.Wis.1991), *aff'd*, 993 F.2d 1293 (7th Cir.1993), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993); *Murzyn v. Amoco Corp.*, 925 F.Supp. 594 (N.D.Ind.1995); *Carpenter v. Modern Drop Forge Co.*, 919 F.Supp. 1198 (N.D.Ind.1995); *Fravel v. Stankus*, 936 F.Supp. 474 (N.D.Ill.1996); *Estate of Lake v. Marten*, 946 F.Supp. 605 (N.D.Ill.1996). Accordingly, the subrogation issue is properly before this Court.

### I. Defendants' Motion to Dismiss

It is well settled that a complaint may not be dismissed for failure to state a claim upon which relief may be granted, unless it appears to a certainty on the face of the compliant that the complaining party is not entitled to any relief. *See* Fed.R.Civ.P. 12(b)(6); Ind.Rules of Procedure, Trial Rule 12(b)(6); *Bienz v. Bloom*, 674 N.E.2d 998 (Ind.Ct.App.1996), *reh'g denied; Hanover Logansport, Inc. v. Robert C. Anderson, Inc.*, 512 N.E.2d 465 (Ind.Ct. App.1987). Courts view motions to dismiss for failure to state a claim with disfa-

vor because such motions undermine the policy of deciding causes of action on their merits. *Action Repair, Inc. v. American Broadcasting Co., Inc.*, 776 F.2d 143 (7th Cir.1985); *Bienz*, 674 N.E.2d at 1001; *Hill v. Beghin*, 644 N.E.2d 893, (Ind.Ct.App. 1994), *trans. denied.* Therefore, for purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all well-pleaded allegations are presumed to be true. *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605 (7th Cir. 1995); *McTigue v. City of Chicago*, 60 F.3d 381 (7th Cir.1995); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640 (7th Cir.1995). Furthermore, a court must view those allegations in the light most favorable to the plaintiff, *Richmond*, 52 F.3d at 644; *Gould v. Artisoft, Inc.*, 1 F.3d 544 (7th Cir.1993), and accept as true all reasonable inferences to be drawn from those allegations. *Whirlpool Financial Corp.*, 67 F.3d at 608; *McTigue*, 60 F.3d at 382. Dismissal of a complaint for failure to state a claim is granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Richmond*, 52 F.3d at 644 (*quoting, Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.*, 52 F.3d 623, (7th Cir.1995); *Lockhart v. United States*, 961 F.Supp. 1260, 1263–64 (N.D.Ind.1997), *aff'd* 129 F.3d 1267, 1997 WL 730290 (7th Cir.1997). Additionally, the court may *only look* to the complaint, and well-pleaded material must be taken as admitted. *Id. (emphasis added).* A Rule 12(b)(6) motion to dismiss is properly utilized to test the legal sufficiency of the complaint or, stated differently, to test the law of the claim, not the facts that support it. *Borgman v. Aikens*, 681 N.E.2d 213, 216 (Ind.Ct.App.1997), *reh'g denied; Gray*

---

6. ERISA's preemption clause reads in full: "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Employee Retirement Income Security Act of 1974, § 514(a), 29 U.S.C.A. § 1144(a).

*v. Westinghouse Elec. Corp.*, 624 N.E.2d 49 (Ind.Ct.App.1993), *trans. denied.*

## A. Proper Plaintiff

Because Defendants' Motion for Judgment on the Pleadings involves jurisdictional issues and asks the Court to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) and 12(h)(2), Fed.R.Civ.P. the Court deals with it first. Federal courts must resolve jurisdictional issues before proceeding to the merits of a case. *See e.g., Crawford v. United States,* 796 F.2d 924 (7th Cir.1986). Defendants assert that the Plan lacks standing to bring this suit under § 502(a)(3) because it is not a "participant, beneficiary, or fiduciary" as enumerated in the relevant ERISA section.[7] This Court cannot adopt such a narrow construction. Reading the statute as a whole, first it is clear that Defendants overlook § 503(d)(1) which states that "an employee benefit plan may sue or be sued under this title as an entity." Furthermore, even if § 503(d)(1) was somehow inapplicable, and this Court believes otherwise, the persuasive authority defendants cite in support of their position are from the Second, Fourth Fifth, Sixth and Tenth circuits and not binding in this circuit. *See Levas and Levas v. Village of Antioch,* 684 F.2d 446, 451 (7th Cir.1982). The main case relied upon by defendants is *Pressroom Unions–Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889 (2d Cir.1983). Not only do defendants misinterpret this case, also at least one court in this circuit has expressly disagreed with its holding. *See Laborers' Pension Fund v. Leopardo Const., Inc.,* 139 F.R.D. 634 (N.D.Ill.1991) (holding that the district court had discretion to allow filing of an amended complaint to name a pension trust fund administrator, rather than funds themselves, even if funds' lack of standing to bring suit under ERISA would have deprived district court of subject matter jurisdiction). Additionally, the Seventh Circuit case relied upon by defendants is distinguishable from the case before this Court. *See Giardono v. Jones,* 867 F.2d 409, (7th Cir.1989). *Giardono* dealt with the anti-inurement provision of ERISA and pertained to whether or not an employer was considered a "participant" of the plan with a right to sue. *Compare Peoria Union Stock Yards Co. Retirement Plan v. Penn. Mut. Life Ins. Co.,* 698 F.2d 320 (7th Cir.1983) (where without expressly considering the issue of jurisdiction, the court found that ERISA did grant standing to a pension fund to challenge alleged violations of the provisions of that Act); *Laborers Fringe Ben. Funds–Detroit & Vicinity v. Northwest Concrete & Constr., Inc.,* 640 F.2d 1350 (6th Cir.1981) (with little or no discussion, treated trust fund itself as trustee for fund contributions with clear access to federal courts under the statute).[8] More recent persuasive authority also supports the position in *Laborers' Pension Fund,* 139 F.R.D. 634. *See generally, Hotel Employees and Restaurant*

---

7. a) Persons empowered to bring a civil action. A civil action may be brought—(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;

8. *See also, Coleman Clinic, Ltd. v. Massachusetts Mut. Life Ins. Co.,* 698 F.Supp. 740 (C.D.Ill.1988) (finding that a plan has standing to sue is also consistent with the language of ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1)). *Coleman* quoted *Mutual Life Ins. Co. of New York v. Yampol,* 840 F.2d 421, 426 (7th Cir.1988) which stated that "the

issue of whether a plan lacks standing to maintain an action under 29 U.S.C. § 1132(a) is a very close question, but the Court is inclined to deny Defendant's Motion on this ground." *Coleman* went on to point out that *Peoria Union* remained the only case in which the Seventh Circuit has indicated how it would rule were it to address the question directly. In addition, the *Yampol* court's statement in this respect was itself dicta, since the Court of Appeals held that it need not decide whether a plan has standing to sue to bring a claim for fiduciary violations. Furthermore, the *Yampol* court, despite its awareness of *Peoria Union's* existence, declined to overrule that case.

*Employees Int'l Union Welfare Fund v. Gentner*, 815 F.Supp. 1354 (D.Nev.1993) (listing fund as plaintiff), *aff'd* 50 F.3d 719 (9th Cir.1995); *NGS American, Inc. v. Barnes*, 805 F.Supp. 462 (W.D.Tex.1992), *aff'd* 998 F.2d 296 (5th Cir.1993).

■ In *Health Cost Controls v. Bichanich*, the district court considered a similar issue. 968 F.Supp. 396 (N.D.Ill.1997). After careful analysis the court held that because subrogation rights are Plan assets and the ability to recover benefits previously paid out was unquestionably valuable to the plan, where the plan exercises substantial discretion over its assets the Plan is a fiduciary under ERISA. Therefore, the Plan was a proper plaintiff. *Id.* at 398. In the present case, this Court agrees with the rationale in *Health Cost Controls* and *Laborer's Pension Fund* and finds that the Health Benefits Plan is a proper plaintiff. Accordingly, Defendants' Motion for Judgment on the Pleadings as to this issue is denied.

### B. Proper Defendants

■ Additionally, Defendants seek judgment on the pleadings claiming that because Houser, Dray and Carolina Casualty were not parties to any agreement between the Plan and Black, they cannot be bound by the subrogation agreement. Relying on *Trustees of Central States, Southeast and Southwest Areas Health and Welfare Fund v. State Farm Mut. Ins. Co.,* 17 F.3d 1081, 1084 (7th Cir.1994) *reh'g denied,* Defendants point out that the third parties in this case are not "fiduciaries, participants or beneficiaries of the Plan."

In *Central States,* the Seventh Circuit concluded that a third-party insurance company was not a fiduciary of an ERISA plan and that because it had no pre-existing fiduciary relationship with the plan, its settlement with the plan participants did not infringe on the plan's subrogation rights. 17 F.3d 1081, 1084. The court

further stated that the plan agreement could only obligate parties to that agreement. *Id.* Similarly, in *Hotel Employees & Restaurant Employees Intern. Union Welfare Fund v. Gentner,* 50 F.3d 719 (9th Cir.1995), the court found that an ERISA beneficiary's attorney did not violate the terms of the plan when he failed to reimburse the plan from a settlement received from the tort-feasor, since there was no professional or contractual relationship between the plan and the attorney, and the attorney thus was not subject to suit on that basis. *Id.* The court pointed out that the attorney was not a signatory to the beneficiary's subrogation agreement and thus was not bound by it. *Id.* The court went on to state that "Congress did not intend to extend ERISA liability to parties with no professional or contractual relationship with a plan." *Id. See also, Witt v. Allstate Ins. Co.,* 50 F.3d 536 (8th Cir. 1995) (holding that an insurer of a tort-feasor who caused injuries suffered in an automobile accident by a person covered by a joint health and welfare fund's benefit plan was not fiduciary of plan under ERISA).

Section 1132(a)(3) states that a civil action may be brought to redress violations and enforce any provisions of ERISA or of the Plan. There is no doubt the failure to reimburse the Plan for monies it paid to the Blacks constitutes a violation of the Subrogation Agreement. However, the Plan has provided no convincing argument to hold other third parties responsible for this violation. Knowledge by third parties of the existence of the Blacks' duty to reimburse the Plan, by itself, cannot be enough to impose liability under § 1132(a)(3).[9] Moreover, it is not within the Plan's province to interpret the terms of the Settlement Agreement executed by the Blacks and the third parties. Any duties arising under that document are contract issues outside the Plan and are duties owed to the Blacks. Accordingly,

---

9. The Court also notes that the Plan had an opportunity to protect its interests by intervening on its own behalf in the state settlement action and apparently chose not to do so.

Rochester City Dray, Houser, and Carolina are dismissed from this action.

## C. Remaining Issues

 Defendants assert that the Plan's demand for full reimbursement requires *de novo* review by this Court. Plaintiff counters that deferential review is required. Pursuant to ERISA an arbitrary and capricious standard applies if the plan gives the administrator discretion to construe its provisions and when the administrator has, in fact, interpreted the instrument. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 109 S.Ct. 948, 954–55, 103 L.Ed.2d 80 (1989); *Central States,* 17 F.3d 1081, 1083. In *Firestone,* the Supreme Court held that there was no authority which required deferential review when the "Plan's" actions implicated the rights of third parties who were not parties to the "Plan's" agreement with its covered individual. Similar facts are involved in this case and this case finds no authority requiring it to afford deferential review. The Committee abused its discretion in interpreting the language of the Settlement Agreement executed between the third parties and Black.

### 1. Pre–Judgment Interest

 The Seventh Circuit recognizes a presumption in favor of pre-judgment interest. *See Rivera v. Benefit Trust Life Ins. Co.,* 921 F.2d 692 (7th Cir.1991). Because Defendants concede that pre-judgment interest is appropriate, the Court will not engage in a lengthy discussion of the law. (Defs.' Brief in Supp. at 15). The determination of the appropriate applicable interest rate rests with the discretion of the court. *Cement Div., Nat'l Gypsum Co., Reed & Brown, Inc. v. City of Milwaukee,* 144 F.3d 1111, 1117 (7th Cir.1998). Accordingly, this Court will award the appropriate pre-judgment interest when all issues are resolved.

### 2. Amount Due Plaintiff

Having thoroughly reviewed the Plan's interpretation of the documents at issue it is clear that issues of fact remain as to whether the Benefits Committee's method of determining the amount of reimbursement due was reasonable. This Court is not convinced by the Committee's method of calculation. Furthermore, issues also remain regarding the appropriate amount of attorney fees, if any, due as credit to the Defendants. Finally, the Plaintiff is not automatically entitled to its attorney fees in this matter and the Court leaves open the issue for further review.

## II. Plaintiff's Summary Judgment Motion

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56; *Russo v. Health, Welfare & Pension Fund, Local 705,* 984 F.2d 762 (7th Cir.1993).

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The non-moving party cannot rest on its pleadings, *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920–21 (7th Cir.1994); *Hughes v. Joliet Correctional Ctr.,* 931 F.2d 425, 428 (7th Cir.1991), nor may that party

rely upon conclusory allegations in affidavits. *Cusson–Cobb v. O'Lessker,* 953 F.2d 1079, 1081 (7th Cir.1992).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Smith v. Fruin,* 28 F.3d 646, 650 (7th Cir.1994), *cert. denied,* 513 U.S. 1083, 115 S.Ct. 735, 130 L.Ed.2d 638 (1995); *Brennan v. Daley,* 929 F.2d 346, 348 (7th Cir.1991), *reh'g denied,* 1993 WL 518446. Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson,* 477 U.S. at 252–55, 106 S.Ct. 2505. Applying this standard the Court addresses Plaintiff's motion.

### A. Enforceability of Lien

 Federal common law may be adopted to govern the issue of subrogation rights in an ERISA case since ERISA does not speak directly to the issue of subrogation rights. 29 U.S.C. § 1001 *et seq.; Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987); *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown,* 897 F.2d 275, 281 (7th Cir.1990), *cert. denied.* Because the Plan is a self-funded employee benefit plan, Indiana subrogation law does not apply and Plaintiff is entitled to judgment as a matter of law as to the validity of its lien. *See Murzyn,* 925 F.Supp. 594, 597 (holding same).

### B. Remaining Issues

The Plan is entitled only to "equitable" relief. The Supreme Court recently found that equitable relief under section 502(a)(3) includes "categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 256, 113 S.Ct. 2063, 2069, 124 L.Ed.2d 161 (1993). Accordingly, the only remaining issue in this case is that of calculating the amounts due to the Plan under its subrogation lien, appropriate pre-judgment interest and De-

fendants' possible set-off for attorney fees. It would seem that the parties could easily agreement as to these issues without incurring additional expenses in litigation if they address the matter reasonably. If this is not possible, the Court is ready to schedule additional proceedings as needed.

### *CONCLUSION*

For the preceding reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED in part** and third parties Rochester City Dray, Inc., Gary A. Houser and Carolina Casualty Company are DISMISSED from this action. In addition, Plaintiff's Motion for Summary Judgment is **GRANTED in part** only as to the validity of its Subrogation Lien.

IT IS SO ORDERED.